## In re PETRICH.
### No. 5628–T.

District Court, S. D. California, S. D.
Aug. 18, 1930.

Morris Binnard, of San Diego, Cal., for C. W. Noyes, trustee.

J. G. Driscoll, Jr., of San Diego, Cal., for Bank of Italy.

COSGRAVE, District Judge.

This is a petition by the trustee of the bankrupt for review of an order of the referee allowing a certain claim of the Bank of Italy, and of a separate order adjudging the same a set-off against a judgment in favor of the trustee and against the bank.

On March 23, 1923, Paul Petrich, doing business as the Coronado Fish Company, was indebted to the Bank of Italy for money borrowed and evidenced by several promissory notes in the sum of $8,705.65. On that date he executed to the bank a single note for the entire sum and secured the same by chattel mortgage of certain property owned by him, and also by a pledge of certain other property. In July following, the note being over-due, the bank took possession of and sold the mortgaged property pursuant to the terms of the mortgage, and received, after deducting the expenses of the sale, the net amount of $2,447.15. This amount, added to certain other sums realized from the sale of the pledged property and from other sources, would if applied upon the note reduce it to $5,407.97.

On August 10th following, an involuntary petition in bankruptcy was filed against Petrich and on October 11th he was adjudicated bankrupt. The chattel mortgage executed by the bankrupt had not been acknowledged by him. The creditors, and later the trustee in bankruptcy, aware of this fact, threatened action against the Bank of Italy, the mortgagee, claiming conversion of the mortgaged property by the bank by reason of the sale under the terms of the defective mortgage. On November 3d, the Bank of Italy filed what it termed a proof of unsecured debt in which the entire transaction was detailed. In this claim the fact was noted that certain creditors claimed the mortgage void as against them and intended to begin an action to set it aside; that should such action be successful against the claimant, the Bank of Italy, then the credit above mentioned accruing by reason of the sale of mortgaged property would not be allowed and the bank would claim the entire amount of the note.

An action was commenced by the trustee in the state court as threatened. On April 8, 1924, the claimant filed a second claim, entitling the same "proof of secured debt," which in all essential particulars is the same as the preceding claim except that it is therein stated the claimant holds cash as security instead of the chattel mortgage. Complete details of the transaction, however, are set forth as in the previous claim. The action against the Bank of Italy by the trustee in bankruptcy resulted in a judgment in favor of the trustee for $10,000 damages for the conversion of the property which the bank had sold under the terms of the mortgage. This judgment became final on January 25, 1929 (Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68), and on April 1, 1929, the total judgment amounted to $13,934.66. This amount was, on the date last mentioned, deposited as a credit to the estate of the bankrupt and the judgment thus fully satisfied.

In each of the claims above described the consideration was specified as a promissory note. On February 8, 1927, the referee allowed the filing of an amendment to each of the two claims wherein the consideration is

described as money advanced as evidenced by the promissory note mentioned. Both claims were, however, considered by the referee as a single claim filed in separate forms. Objections were filed by the trustee in bankruptcy to the allowance of the claim upon various grounds which will be hereinafter mentioned. The claim was allowed by the referee in the sum of $5,347.09, which is the amount of the note of March 23, 1923, less certain credits, the nature of which are not important and the amount $2,447.15 realized from the sale of the mortgaged property. This allowance was made after the judgment in the action by the trustee against the bank had become final and the trustee thereupon petitioned this Court for a review of the order of allowance.

On March 23, 1929, the Bank of Italy petitioned that its claim be adjudged a set-off against the judgment held by the trustee and that payment of the difference between the amount of the claim and the amount of the judgment operate fully to satisfy the judgment. On January 13, 1930, the referee entered his order reciting that "there is due to the estate of the said bankrupt from said petitioner the sum of $13,934.66, representing the amount of the judgment," describing it, but also stating "that the said sum of $13,934.66 was on the first day of April, 1929 deposited by the said petitioner in its San Diego office," and ordering that the sum of $5,347.09 be set off against the $13,934.66 due the estate from the petitioner.

From this order the trustee has filed his petition for review, and that matter, together with a similar petition with respect to the order allowing the claim in the first instance, is before this court for decision.

Many grounds are relied upon by the trustee against the allowance of the claim. Those only will be mentioned which seem to merit attention.

■ Complaint is made that the original note was not deposited with the referee at the time the claim was filed. This objection is based upon the language of section 57b of the Bankruptcy Act (11 USCA § 93(b), which requires that this be done. The evidence shows that the original note was presented to the referee. It was also exhibited to the creditors at their meeting in 1927 and there is no question as to the regularity of the note. The evidence is obscure precisely as to what was done with the note, and it does not affirmatively appear that the note was not in fact filed with the claim. The effect of the failure to file the note, even assuming this to be

the fact in this case, is somewhat uncertain according to the decisions, and there is good ground to believe that the provision of section 57b requiring the filing of the instrument is purely directory. The United States Supreme Court expressly declined to hold that such failure invalidates a claim based upon the instrument. Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584. The claim is therefore not to be rejected on that ground.

■ Complaint is made of the action of the referee in allowing an amendment to the claim. The amendment was unimportant, but this was a matter within the administrative discretion of the referee. Black on Bankruptcy, 368.

■ Objection is made that the claim was not "proved" until three years had elapsed. By the express language of section 57a of the Bankruptcy Act (11 USCA § 93(a), proof of claim consists of the verified writing setting forth the claim with other particulars. This admittedly was done within the time limited.

■ The trustee complains that the referee should have compelled a surrender of the mortgaged property before the claim was filed. The claimant held the mortgaged property in good faith, and it was finally determined that it was not entitled to it only when the California Supreme Court so decided. No uncertainty attends the claim in any of its details. The claimant has in effect surrendered his security for the reason that it has paid into the estate the value of the mortgaged property ascertained in the suit brought against it by the trustee and the estate therefore has suffered no injury. The action of the trustee in allowing the claim was therefore proper.

■■ With reference to the main question involved, i. e. the power or authority of the referee to adjudge the allowed claim of the Bank of Italy to be a set-off against the amount due under the judgment, it appears that according to the return of the referee this amount has actually been deposited to the credit of the estate of the bankrupt. The order recites, "That the said sum of $13,934.66 was on the first day of April, 1929, deposited by said petitioner, Bank of Italy, to the credit of the estate of said bankrupt in its San Diego office." This satisfies the judgment, and there is therefore nothing upon which such an order can operate. It is not, of course, to be contemplated that the situation is in any way affected by the fact that the deposit was made in the claimant bank it-

self. By the express language of the order title to the amount of the judgment has been transferred by the deposit to the estate of the bankrupt. There is no proceeding by which an offset can be made effective after the payment of the counter demand has been made in full. When the judgment debtor voluntarily paid the entire amount of the judgment, it in effect waived its right to claim an offset and left its claim against the bankrupt to be disposed of as all other claims of similar class.

■ Furthermore, no authority exists in the bankruptcy court to adjudicate the claim an offset. That is a power to be exercised only by the court awarding the judgment against the bank, in this instance the state court. 15 Cal. Jur. 278.

It appears therefore that the order of the referee allowing the claim of the Bank of Italy in the amount stated was proper. The order allowing the same as an offset should be set aside as being ineffectual for any purpose and beyond the power of the bankruptcy court.

It is so ordered.