**In re TRAILS END LODGE, INC.**
**d/b/a Sugarbush Associates**
**Co., Debtor.**

**Bankruptcy No. 84–120.**

United States District Court,
D. Vermont.

July 19, 1985.

Dennis R. Pearson, Burlington, Vt., for Sugarbush Valley, Inc.

Joseph C. Palmisano, Barre, Vt., for debtor.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the court on the motion of Sugarbush Valley, Inc. ("SVI") to extend the time for filing a proof of claim. Arguments were heard on June 4, 1985. The following facts are established.

## FACTS

SVI obtained a state court judgment against Sugarbush Associates Company ("Sugarbush") on May 25, 1984 in the amount of $173,167 plus expenses of suit in the amount of $16,000. On July 13, 1984 Sugarbush filed for relief under Chapter 11 of the Bankruptcy Code ("Code"). In the schedules accompanying its petition for relief, Sugarbush listed SVI as the holder of (1) a "disputed" claim in the amount of $190,000 representing the estimated amount of SVI's state court money judgment, and (2) a "contingent" claim in the amount of $16,000 representing the state court award of SVI's costs, fees and expenses of suit.

On July 18, 1984 the bankruptcy court fixed November 13, 1984 as the last day for filing proofs of claim. SVI received timely notice of the November 13th bar date.

On July 25, 1984 SVI was appointed to the creditor's committee. On August 13, 1984 SVI attended the first meeting of creditors. On or before October 9, 1984 SVI began to actively participate in these Chapter 11 proceedings. *See* SVI letter filed October 9th; SVI Memorandum of Law filed October 11th; SVI appearance at hearing October 11th; supplemental SVI memorandum of law filed October 19th, etc.

On October 19, 1984 SVI filed a proof of claim for an unsecured claim in the amount of $4,000, as follows:

## PROOF OF CLAIM

1. ... Sugarbush Valley, Inc. ... make[s] this proof of claim ...
2. In addition to the debt of $190,000 listed on the petition, the Debtor ... is indebted to the claimant in the sum of $4,000.
3. The consideration for this debt is [two] sewer hook-ups, at a cost of $2,000 each.
4. A duplicate of the writing on which this [$4,000] claim is founded is attached hereto.

On May 23, 1985 SVI filed a proof of claim specifically for the amount of the SVI's May 1984 state court judgment against Sugarbush.

The court-approved disclosure statement supporting the debtor's reorganization plan attaches as an exhibit and incorporates by reference SVI's prepetition judgment order against the debtor.

## DISCUSSION

Under Code section 1111(a), a proof of claim is deemed filed for any claim that appears in the debtor's schedules, "except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Under Bankruptcy Rule 3003(c)(2), a creditor whose claim is "scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time [fixed by the court]; and a creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Under Rule 3003(c)(3) the court "for cause shown may extend the time within which proofs of claim or interest may be filed."

A proof of claim is a written statement setting forth a creditor's claim. Bankruptcy Rule 3001(a). SVI's October 19, 1984 Proof of Claim recites, "In addition to the debt of $190,000 listed on the petition, the Debtor ... is indebted to this claimant, in the sum of $4,000." Filed before the bar date, the October 1984 document constitutes a proof of claim for $194,000 representing SVI's prepetition money judgment of $189,167 and, additionally, the $4,000 sewer hook-up claim.

The court need not rule on whether SVI has or has not shown cause under Rule 3003(c)(3) for an extension of time to file a claim with respect to the claim which is the subject matter of the instant litigation, for the reason that such claim was timely filed on October 19, 1984.

Ordinarily, Bankruptcy Rule 3001(c) requires, in connection with a claim based on a writing, that the original or a duplicate be filed with the proof of claim. The purpose of this rule is to afford the debtor sufficient information to determine intelligently whether to contest a filed claim. See Advisory Committee Note. The $190,000 part of SVI's claim in this proceeding is founded on a writing, the contract between SVI and Sugarbush. However, in the instant case, the debtor as defendant in state court was well aware of the nature of SVI's claim, and the debtor possessed sufficient information to determine intelligently whether to contest the claim. Under the circumstances, the failure of SVI to attach a copy of the prepetition money judgment against the debtor, which judgment the debtor had in hand on bankruptcy day, was not fatal to the timely filing of the $190,000 portion of SVI's claim.

The Court will treat SVI's motion to extend time as a motion to amend the October 1984 proof of claim records which reflect only the $4,000 portion of the filed $194,000 claim. See In re Modular Engineering Corp., 41 B.R. 52 (Bankr.S.D.Tex.1984). The Clerk of the Court is to be directed to correct the claims register and related documents to record the full amount of SVI's $194,000 claim filed October 19, 1984.

Judgment to be entered accordingly.