In re William J. STOECKER, Debtor.

BANK OF BELLWOOD,
Appellant/Cross–
Appellee,

v.

William J. STOECKER, Appellee/Cross–
Appellant.

No. 92 C 4388.

United States District Court,
N.D. Illinois, E.D.

Sept. 14, 1992.

Kenneth Winter Bley and Keevan David Morgan, Durkin, Morgan, Roberts, Barnett & Bley, Chicago, Ill., for appellant.

Robert Radasevich, Neal, Gerber & Eisenberg, Chicago, Ill., for appellee.

Robert Radasevich, Tracy L. Potter, George Michael Hoffman, and James H. Bowhay, Neal, Gerber & Eisenberg, Chicago, Ill., for trustee.

## ORDER

NORGLE, District Judge.

Before the court is the appeal of the Bank of Bellwood ("Bellwood") and the cross-appeal of Thomas E. Raleigh, as Trustee of the Estate of William J. Stoecker ("Trustee"), from the United States Bankruptcy Court for the Northern Dis-

trict of Illinois. For the following reasons, the decision of the bankruptcy court is reversed in part and affirmed in part.

## FACTS

Bellwood's appeal is from the bankruptcy court's order dated February 28, 1992 143 B.R. 118 and reconsideration order dated May 26, 1992, 1992 WL 132566, disallowing Bellwood's proof of claim for failure to comply with Bankruptcy Rule 3001.[1] The Trustee cross-appeals from the portion of these orders holding that an earlier settlement agreement the Trustee and Bellwood entered into barred the Trustee from objecting to the proof of claim and holding that the doctrine of *res judicata* precluded the Trustee from objecting to the proof of claim.

On January 30, 1987, William J. Stoecker ("Stoecker") borrowed $750,000 from Bellwood, evidenced by a promissory note, with the principal amount due on February 1, 1989 and interest payable monthly. On February 21, 1989, an involuntary petition for bankruptcy was filed against Stoecker. During the ninety days preceding the bankruptcy petition, Bellwood allegedly obtained a judgment by confession on the loan. Bellwood claims it then perfected liens on Stoecker's property by the recording of memoranda of judgment against some of Stoecker's real property and the placing of writs of execution with the sheriff to seize personal property. Also, citations to discover assets were issued and levies were made.

On August 15, 1989, Bellwood filed its proof of claim against the Estate asserting a secured claim in the form of judgment liens on various Estate assets. This proof of claim contained a description of Bellwood's liens in some detail, although it failed to list the specific property which was the subject of the liens. More importantly, Bellwood failed to attach to the proof of claim the underlying documents evidencing the loan, the memoranda of judgment, and the executions perfecting the judgment liens as required by Bankruptcy Rule 3001.

The Trustee subsequently filed an adversary proceeding against Bellwood concerning interest payments Stoecker made on the loan in December 1988 and January 1989, the two months preceding the bankruptcy petition. The Trustee did not raise objections to Bellwood's proof of claim, which was based on judgment liens also allegedly perfected within ninety days of the petition. The Trustee claimed the interest payments were avoidable preferential transfers under section 547(b) of the Bankruptcy Code. The parties settled the adversary proceeding. The settlement agreement provided that Bellwood's distribution from the Estate would be reduced by the sum of $11,333.33. Further, the agreement released the Trustee and the Estate from all claims which Bellwood could assert, except those set forth in Bellwood's proof of claim. Additionally, the agreement released Bellwood from any claims that the Trustee asserted or could have asserted in the adversary proceeding.

On August 27, 1991, the Trustee filed objections to the proofs of claims Bellwood and various other creditors filed. Essentially, the Trustee argued that the bankruptcy court should treat Bellwood's claim as a general unsecured claim, although Bellwood asserted a secured claim, because Bellwood's security resulted from avoidable preferential transfers under section 547(b). Accordingly, the Trustee argued, the bankruptcy court should disallow the claim under section 502(d).

During an October 11, 1991 hearing, Bellwood agreed to waive the formal presentation of evidence because the Trustee, on invitation of the bankruptcy court, stipulated that the Trustee did not object to allowing Bellwood's claim as a general unsecured claim and stipulated that there was no objection as to the amount of the claim. Both parties stipulated to the facts

---

1. Bellwood does not appeal from the bankruptcy court's decision on its right to a jury trial, the propriety of treating the Trustee's objection as a contested matter, and the application of section 546(a); accordingly, Bellwood waives those issues. *Mraovic v. Elgin, J. & E. Ry.*, 897 F.2d 268, 272 (7th Cir.1990).

in the Trustee's Request for Admissions, including that Bellwood perfected judgment liens in the amount of $750,000. The bankruptcy court set a December 16, 1991 hearing date and afforded the parties an opportunity to introduce evidence. The parties felt that an evidentiary hearing would be unnecessary because the only facts relevant to the bankruptcy court's determination were undisputed: that the security interest Bellwood admittedly procured benefited Bellwood and that it was procured while the debtor was insolvent and within ninety days before the bankruptcy petition. Both counsel stipulated that the earlier settlement agreement, the order dismissing the adversary proceeding, and Bellwood's proof of claim were "uncontested facts." In relation to the pending section 502(d) objection, the Trustee's attorney stated, "I don't know what issue, what facts, remain to be tried. I think it is a purely legal question before the court." The Trustee's attorney also stated, "there is no need for any evidence from the trustee's perspective." Consequently, the parties did not supplement their pleadings with oral testimony or other evidentiary matters. In essence, Bellwood's proof of claim was uncontested except for the Trustee's objection based on section 547(b).

The bankruptcy court treated the Trustee's objection as a contested matter under Fed.R.Bankr.P. 9014 and, in an order dated February 28, 1992, disallowed Bellwood's secured claim because Bellwood failed to support the claim with the writings upon which it based its claim or with evidence that it perfected its liens pursuant to Bankruptcy Rule 3001(c), (d). As a result, Bellwood's filed claim did not constitute sufficient evidence of the secured status of its claim and the bankruptcy court could not trace Bellwood's assertions to specific property or proceeds in the Trustee's possession. The court stated that Bellwood failed to prove its liens, "unavoidable though they might be."

Nonetheless, the bankruptcy court further held that the settlement agreement entered into between the Trustee and Bellwood in the adversary proceeding barred the Trustee from objecting to Bellwood's secured proof of claim. Further, the bankruptcy court determined that the agreed order dismissing the adversary proceeding also precluded the Trustee from objecting to Bellwood's proof of claim under the doctrine of *res judicata*. Both parties filed motions for reconsideration and the bankruptcy court, by order dated May 26, 1992, denied these motions.

On appeal, Bellwood raises numerous arguments against the disallowance of its claim for its failure to follow Bankruptcy Rule 3001. The Trustee appeals only from the bankruptcy court's decisions that the settlement agreement and the doctrine of *res judicata* barred his objection to Bellwood's proof of claim.

## DISCUSSION

On an appeal from an order of the bankruptcy court, the district court reviews factual findings for clear error and reviews conclusions of law *de novo*. *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989).

### I. Appeal of the Bank of Bellwood.

The issue in Bellwood's appeal is whether the bankruptcy court properly disallowed Bellwood's claim *sua sponte* for failure to comply with Bankruptcy Rule 3001 when the Trustee's only objection to the creditor's claim is that the claim is avoidable under section 547(b), not that it is an invalid claim or that there is insufficient proof of such claim. The court concludes that the bankruptcy court erred when it disallowed Bellwood's claim without first providing sufficient opportunity for Bellwood to amend its proof of claim and proceed with its burden of proving its claim.

Bankruptcy Rule 3001(c) requires a creditor to attach a writing to its proof of claim if the creditor bases its claim on a writing, and Rule 3001(d) requires a creditor to accompany a proof of claim with evidence that the creditor perfected a security interest if it claims a security interest in property of the debtor. Compliance with the rule allows the proof of claim to constitute *prima facie* evidence of the validity of the claim. Fed.R.Bankr.P. 3001(f).

■ There is no authority for the proposition that the failure to attach documents to a proof of claim requires the bankruptcy court to disallow the claim on that basis. *See In re Steele,* No. 91–1384–K, No. 91–1386–K, No. 91–1387–K, 1992 WL 122756, 1992 U.S.Dist. LEXIS 8494 (D.Kan. May 29, 1992) (no support for the position that the failure to include attachments to proof of claim is a "permanent, incurable defect which deprives the claimants of the presumption created by Rule 3001(f)"; claimants had submitted four proofs of claims, one of which failed to contain supporting documents). The rule merely provides that a proof of claim does not constitute *prima facie* evidence of the claim's validity unless the proof of claim complies with the rules and sets forth facts necessary to support the claim. 8 *Collier on Bankruptcy* 3001–22 (1992).

■ Thus, the proper procedure for the bankruptcy court is not to disallow the claim if the claimant fails to strictly adhere to the rule; it should merely refuse to consider the proof of claim *prima facie* evidence of the claim's validity and should give the claimant an opportunity to amend or prove its claim. *See First Nat'l Bank v. Circle J. Dairy (In re Circle J. Dairy, Inc.),* 112 B.R. 297, 300 (W.D.Ark.1989) (where claim was facially defective and therefore lacked adequate factual support to be considered *prima facie* valid, claimant given opportunity to prove or amend his claim); *In re Trails End Lodge, Inc.,* 51 B.R. 209, 210 (Bankr.D.Vt.1985) (on motion to extend time, which court treated as motion to amend proof of claim, failure to attach copy of money judgment not fatal to claim where debtor possessed copy); *see also Whitney v. Dresser,* 200 U.S. 532, 534, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906) (failure to file writing does not raise presumption against the existence of the writing); *In re Petrich,* 43 F.2d 435, 437 (S.D.Cal. 1930) (failure to file note with the filing of the claim did not invalidate claim).

■ Rule 3001 merely aids parties in ascertaining bona fide claims and the accuracy of claims, as well as the merits, perfection or nonperfection of secured claims.

3 *Collier on Bankruptcy* 501–6 (1992). The purpose of the rule is to allow a creditor who attaches documents to his proof of claim to then refrain from presenting any other evidence because the documents establish sufficient evidence to sustain the claim. *See Connecticut General Life Ins. Co. v. Schaumberg Hotel Owner Ltd. Partnership (In re Schaumburg Hotel Owner Ltd. Partnership),* 97 B.R. 943, 950 (Bankr.N.D.Ill.1989) (properly filed claims are presumed valid under 11 U.S.C. § 502(a) absent objection and are *prima facie* proof of their validity under Bankruptcy Rule 3001(f)). The claims allowance process requires that, "[u]pon [the] filing of an objection [under section 502], the trustee must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *Simmons v. J.T. Savell (In re Simmons),* 765 F.2d 547, 552 (5th Cir.1985); *see In re Tripplett,* 115 B.R. 955, 964 n. 11 (Bankr.N.D.Ill.1990) (debtor must rebut *prima facie* showing of proof of claim). Once the Trustee overcomes the *prima facie* proof of claim, the burden is again on the creditor to produce a preponderance of evidence establishing the validity of the claim. *Schaumburg Hotel,* 97 B.R. at 950.

■ But because a claim is deemed allowed unless objected to by a party in interest, 11 U.S.C. § 502(a), a bankruptcy court "will determine the validity of a lien *only* when a party in interest seeks such a determination *and* allowance or disallowance of the claim." *Simmons,* 765 F.2d at 558–59 (citing *In re Tarnow,* 749 F.2d 464, 466 (7th Cir.1984)) (emphasis added). Further, the evidentiary effect of Bankruptcy Rule 3001(f) does not come into question unless the creditor's claim is challenged. 6 William L. Norton, *Bankruptcy Law and Practice* 191 (1990). In *Simmons,* the court deemed that a reorganization plan listing the creditor's claim as unsecured but disputed did not constitute an objection for purposes of section 502. 765 F.2d at 552. The court stated that the purpose of an objection is to place the parties on notice that litigation is required to resolve an actual dispute. *Id.* As a result, the par-

ties become aware that the objection will have to be resolved *prior* to a final determination as to the allowance or disallowance of the claim. *Id. See also In re Carter,* 138 F. 846 (W.D.Ark.1905) (where no objection made on ground that original notes and mortgage not attached to claim, court treated their presence waived and gave proof of claim *prima facie* status).

The Trustee in the present case did not seek a determination to attempt to overcome any evidentiary effect of Bellwood's proof of claim; the bankruptcy court did it for the Trustee. The Trustee had actually acknowledged the validity and perfection of the liens. When the bankruptcy court proceeded by treating the issue as a contested matter under Fed. R.Bankr.P. 9014, the issue before the court was not the avoidance of Bellwood's liens or the sufficiency of the proof of the claim, but was the disallowance of the claim as secured because it was a voidable transfer. *In re Stoecker,* 143 B.R. 118, 131 (Bankr. N.D.Ill.1992).[2] The Trustee's objection to allowance of the claim asserting that the lien is an avoidable transfer under section 547 does not constitute an objection to the evidentiary effect of the proof of claim, notwithstanding that the objection was pursuant to section 502, and it did not place the claim at issue beyond its status as an avoidable or unavoidable transfer.

By *sua sponte* rejecting Bellwood's claim, the bankruptcy court did not allow Bellwood the opportunity to move for an amendment to its proof of claim, and to thus have an opportunity to prove its secured claim. *See Foremost Fin. Servs. Corp. v. White (In re White),* 908 F.2d 691, 694–95 (11th Cir.1990) (where bankruptcy court ruled on the validity of lien without any party seeking a determination of the status of the claim, claimant given opportunity to clarify or supplement the documentary evidence in support of its claim). Amendments to proofs of claims are freely permitted in the absence of contrary equitable considerations or prejudice to the opposing party. *United States v. Kolstad (In re Kolstad),* 101 B.R. 492, 494 (Bankr. S.D.Tex.1989) (citing *In re W.T. Grant Co.,* 53 B.R. 417 (S.D.N.Y.1985)), *aff'd,* 928 F.2d 171 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). Amendments allow creditors to cure defects in claims as originally filed and allow creditors to describe their claims with greater particularity. *Id.*

Furthermore, Bellwood's filing is essentially an "informal" proof of claim. *See In re Key,* 64 B.R. 786, 789 (Bankr. M.D.Tenn.1986) (when creditor's proof of claim substantially conforms to Official Form, it constitutes "informal" proof of claim). Bellwood substantially complied with Official Form 10, absent only the attachments required under Bankruptcy Rule 3001 for *prima facie* validity. Here, there was an explicit demand showing the nature (judgment liens) and amount ($750,000) of the claim and there was an expression of an intent to hold the debtor liable on the secured debt sufficient to constitute an informal proof of claim. *See In re Ungar,* 70 B.R. 519, 522–23 (Bankr.E.D.Pa.1987) (failure to state amount of claim not fatal to treating pleading as informal proof of claim). Informal proofs of claim are amendable. *Pizza of Hawaii v. Shakey's, Inc. (In re Pizza of Hawaii),* 761 F.2d 1374, 1382 (9th Cir.1985).

The Trustee and the bankruptcy court both note that Bellwood did not present any documentation from which to determine that Bellwood possessed a perfected security interest in any Estate asset. Nonetheless, the need to proceed with evidence of the claim was removed by the Trustee's acknowledgement that a judgement lien existed. In fact, the documents themselves are not necessary to prove the validity of the liens. *See, e.g.,* Fed. R.Bankr.P. 3001(c) ("If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim" recognizes that the writing may be unavailable). At

---

**2.** The bankruptcy court denied Bellwood's motion for judgment on the pleadings because it was procedurally improper in a contested matter under Bankr.R. 9019. *In re Stoecker,* at 128. But yet, in a sense, the court addressed the merits of the pleadings *sua sponte* anyway.

the stage of litigation when the Trustee's objections were filed, the validity of the claim was not an issue. The objection in a sense lulled Bellwood into the belief that no additional documentary evidence was necessary. At the very least, the Bankruptcy Judge, once he resolved the Trustee's objection, should have proceeded with proof of the claim.[3]

■ Although the Trustee did not object to or produce evidence to rebut the filed proof of claim, the bankruptcy court's factual findings have effectively overcome the presumed validity and amount of Bellwood's secured claim. Normally, the failure of the trustee to act at all establishes the validity and amount of the creditor's claim without any action being taken by the claimant. 3 *Collier on Bankruptcy* 502–17 (1992). The bankruptcy court found insufficient evidence of Bellwood's liens, and this court will not disturb that finding. But the ultimate burden is accordingly still upon Bellwood to demonstrate by a preponderance of the evidence both the extent of its liens and the value of the collateral securing the claim. Bellwood should be allowed to establish that it possesses liens on particular Estate property and that it took steps to perfect and enforce its liens under the applicable non-bankruptcy law.[4] The bankruptcy court erred in failing to afford Bellwood this opportunity when the court *sua sponte* disallowed Bellwood's claim.

Because the court reverses the bankruptcy court's order dated February 28, 1992 disallowing Bellwood's secured claim, the court need not address Bellwood's other arguments concerning the February 28, 1992 order or reach the issue of whether the bankruptcy judge incorrectly denied Bellwood's request for alternative relief in the May 26, 1992 order.

In sum, the court finds that the bankruptcy court erred in disallowing Bellwood's claim for failure to follow the strictures of Bankruptcy Rule 3001. Accordingly, the decision of the bankruptcy court disallowing Bellwood's claim is reversed, and the case is remanded for a hearing to provide Bellwood the opportunity to prove its secured claim.

## II. Appeal of Trustee.

■ The Trustee claims that the settlement agreement with Bellwood which released Bellwood from "any and all claims, demands, or causes of action of any kind" does not preclude the Trustee from objecting under section 502(d), contrary to the finding of the bankruptcy court. The Trustee further argues that the bankruptcy court erroneously applied the doctrine of *res judicata* to bar its objections. The court finds that the bankruptcy court was correct in holding that the Trustee's objections could have been raised in the previous adversary proceeding and accordingly the settlement agreement bars the objection.[5]

3. The filing of a proof of claim has been compared to the filing of a complaint in a civil action. *See Nortex Trading Corp. v. Newfield,* 311 F.2d 163 (2d Cir.1962); 3 *Collier on Bankruptcy* 502–16 (1992). Taking this analogy further, the objection is a responsive pleading informing the creditor of the nature of the Trustee's position and articulates the issues to be resolved. With this analogy in mind, the present case can be said to be a situation where the Trustee moved for dismissal on the grounds that its affirmative defense avoids Bellwood's claim, while the motion recognizes that Bellwood possesses proper liens. The bankruptcy court decided the motion by holding that the Trustee was barred from raising the affirmative defense, but that because Bellwood has nonetheless failed to establish the validity and amount of its claim at the pleadings stage the bankruptcy court dismissed the claim.

4. The court notes that the procedural posture of this case is unusual and has clouded the issues. The Trustee is barred from raising any objection to the proof of claim, and proofs of claims are allowed unless objected to. So technically Bellwood's claim seems to be allowable on this ground. But Bellwood still has the ultimate burden of proving its claim because the Bankruptcy Judge was reluctant to grant relief based on the evidence before him at the time. Regardless, Bellwood is now aware that the claim must be proven.

5. Because the court affirms on the ground that the settlement agreement bars the Trustee from raising its section 502 objection, the court need not decide whether the bankruptcy court also correctly applied the doctrine of *res judicata* to preclude the Trustee's objection. Though the grounds are similar, *res judicata* requires additionally that the claims which could have been

The language of the present release states that Bellwood is released "from any and all claims, demands, or causes of action ... that ... could have been asserted in the adversary proceeding...." The bankruptcy court correctly found that "semantic haggling" was unnecessary for the conclusion that the plain and ordinary language of the settlement agreement was sufficiently broad so as to include the Trustee's section 502(d) objection. *See also* 11 *Illinois Law and Practice, Compromise and Settlement* § 8 at 90 (1981 & 1991 Supp.) (general release in settlement agreement releases all matters in controversy and all demands existing at the time of the settlement).

Although the agreement specifically failed to release the Trustee from Bellwood's proof of claim, it did not similarly make an exception for any attacks the Trustee may assert against Bellwood's judgment liens—including a subsequent adversary proceeding under section 547 or an objection raising section 547. The court sees no meaningful distinction, for purposes of the settlement agreement, between an avoidance of a preferential transfer under section 547 and an objection seeking to disallow a claim under section 502 based on the preferential status the claim achieved by virtue of section 547. *See Edelman v. Michigan Blueberry Growers Assoc. (In re Silver Mill Frozen Foods, Inc.),* 80 B.R. 848, 851 (Bankr.W.D.Mich. 1987) (no distinction for purposes of Seventh Amendment between adversary proceeding to recover preference directly under section 547 and objections under section 502 to achieve the same results). Both are avenues through which the Trustee can assert a legal right to affirmative relief or demand that the bankruptcy court reduce the claim to an unsecured claim. Accordingly, the Trustee's objection is a claim or demand as contemplated by the settlement agreement.

Further, the Trustee could have properly raised the issue of Bellwood's liens as avoidable transfers and could have sought to avoid the liens and recover the preference during the adversary proceeding where it sought to avoid the interest payments made on the loan. Both the interest payments and the perfection of judgment liens were allegedly performed within ninety days of the bankruptcy petition—thus the time periods covered by the claim against the interest payments and the judgment liens overlap—and both related to the same loan and promissory note. The adversary proceeding itself was predicated upon section 547. Thus the Trustee could have asserted his objection as well as sought affirmative relief during the adversary proceeding; both matters could have accordingly been resolved at one time. Instead, the Trustee waited and objected later to allowance and payment of the claim as secured under section 502, relying again upon the provision of section 547.

In sum, the earlier settlement agreement barred the relief the Trustee sought under section 502 in the contested matter pursuant to Bankruptcy Rule 9014.

## CONCLUSION

For all of the forgoing reasons, the court reverses in part the February 28, 1992 order of the bankruptcy court. The court remands the case to the bankruptcy court and orders that Bellwood be allowed to amend its claim within thirty days of the entry of this order and that Bellwood accompany its claim with documentary evidence upon which its liens are based and evidence of perfection of its liens. The decision of the bankruptcy court finding that the Trustee's objection to Bellwood's claim is barred by the settlement agreement is affirmed, as is the reconsideration order dated May 26, 1992.

IT IS SO ORDERED.

---

adjudicated previously arise out of the same core of operative facts. *In re Energy Co-Op., Inc.,* 814 F.2d 1226, 1230 (7th Cir.1987), *cert.*

*denied,* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987); *Smith v. City of Chicago,* 820 F.2d 916, 918 (7th Cir.1987).