In re **CONSOLIDATED PIONEER MORTGAGE, a.k.a., Pioneer Liquidating Corporation, a.k.a., Pioneer Mortgage Corporation, Debtor.**

**Burk N. ASHFORD, and Theresa T. Ashford, Appellants,**

**v.**

**CONSOLIDATED PIONEER MORTGAGE, and Pioneer Liquidating Corporation, Appellees.**

**BAP No. SC–94–1452–RHJ.**

**Bankruptcy No. 91–00214–M11.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 1995.

Decided Feb. 27, 1995.

Burk N. Ashford and Theresa T. Ashford, appellants in pro. per.

Roy L. Carlson, Cardiff by the Sea, CA, for appellees.

Before RUSSELL, JONES and HAGAN, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The appellants filed a proof of claim based on § 365(j).[1] The reorganized debtor/appellee filed an objection to the appellants' claim alleging, *inter alia*, that no amount was owed to the appellants. After several hearings, the bankruptcy court disallowed the claim in full. We AFFIRM.

## I. FACTS

On June 6, 1992, the appellants, Burk N. and Theresa T. Ashford ("Ashfords") filed a proof of claim based upon damages arising under § 365(j).[2] The Ashfords assert that the damages arose when the debtor, Consolidated Pioneer Mortgage Entities ("Pioneer")[3] rejected a purported executory contract which gave the Ashfords the right to purchase real property from Pioneer.

On October 8, 1993, the appellee/reorganized debtor, Pioneer Liquidating Corporation ("PLC"), the successor in interest to Pioneer, filed an objection to the Ashfords' claim. PLC based its objection chiefly on the ground that there was no executory contract and therefore no claim.

1. *Real Property Lease and Contract to Purchase Real Property*

In August 1988, the Ashfords offered to purchase real property located at 29200 Mil-

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. Section 365(j) provides in relevant part:
   A purchaser that treats an executory contract as terminated ... or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest

of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

3. Consolidated Pioneer Mortgage Entities is actually several chapter 11 cases which were administratively consolidated. These entities are Naiman Financial Corp.; Naimpro, Inc.; Naimco, Inc.; Naimco–Clairemont, Inc. dba Pioneer Mortgage; Alvarado Investment Co.; and Frontier Service Corp.

224

ler Road, Valley Center, California ("real property") from Naimco, Inc. ("Naimco"), a subsidiary of Pioneer. At first, the Ashfords requested a twelve month lease on the real property at a monthly rental rate of $1,250. In lieu of rental payments until November 1988, the Ashfords offered to prepare the real property for habitation.

The president of Naimco was Gary F. Naiman ("Naiman"), who approved the lease and agreed to convert the lease to a sales contract at the end of a one year term upon a $20,000 cash down payment. There was no evidence offered by the Ashfords that they ever made the $20,000 down payment. The purchase price for the real property was set at $275,000.

In November 1988, a purported contract for the sale of the real property was drafted by Naimco. PLC contends that this contract was never executed. The Ashfords base their claim on this contract.

One year later, the Ashfords requested a six month extension of the real property lease until May 1, 1990.

On January 9, 1991, Naimco and five other affiliated debtor-entities of Pioneer filed a voluntary chapter 11 petition. On May 29, 1991, the first lienholder on the real property, Wesley D. Waters ("Waters") filed a motion for relief from the automatic stay in order to foreclose on the real property.

### 2. Rejection of the Ashfords' Executory Contract

On October 28, 1991, the bankruptcy court granted Pioneer's motion to reject the Ashfords' purported executory sales contract. The bankruptcy court carefully concluded that it was not making a ruling on whether or not the sales contract had actually existed between the Ashfords and Naimco. However, if the executory contract existed, it was deemed rejected.

On March 26, 1992, the bankruptcy court granted Waters' motion for relief from the automatic stay.

### 3. The Ashfords' Proof of Claim

On June 5, 1992, the Ashfords filed a proof of claim (Claim No. 7685/4208) ("claim").

The Ashfords classified their claim as a secured lien pursuant to § 365(j), in the amount of $49,794.33.

On June 19, 1992, the bankruptcy court confirmed the joint plan proposed by Pioneer and the Official Creditors' Committee. Pursuant to the plan, the appellee PLC was created as the reorganized debtor. One of its duties was to examine all proofs of claim and raise objections to certain claims.

On July 16, 1992, Waters completed his foreclosure on the real property, leaving the Ashfords with no security for their alleged claim. On September 8, 1993, the bankruptcy court held an ex parte hearing to consider the Ashfords' request to be listed as a secured creditor. The bankruptcy court ruled that since the underlying real property had been foreclosed upon, the Ashfords' proof of claim would be classified as unsecured. The bankruptcy court further allowed PLC thirty days to review the claim and file any objection. The Ashfords did not appeal this ruling.

### 4. PLC's Objection to the Ashfords' Claim

On October 8, 1993, PLC filed its objection to the Ashfords' proof of claim. The grounds for the objection were: (1) that there was insufficient supporting documentation attached to the claim; and (2) that the amount of the claim represented the amount the Ashfords owed for rent of the real property from Naimco and not the alleged sales price.

On October 15, 1993, the Ashfords filed their opposition to the objection and requested a hearing. A hearing was held on November 15, 1993. On December 9, 1993 the bankruptcy court held another hearing on the issue. After the second hearing, the bankruptcy court took the matter under submission.

On December 29, 1993, the bankruptcy court entered its notice of intended decision to disallow the Ashfords' claim in full based upon its finding that the Ashfords failed to present adequate evidence that a contract for the sale of the real property existed. On January 14, 1994, a final order was entered which disallowed the Ashfords' claim in full.

On January 24, 1994, the Ashfords filed a motion for reconsideration, arguing that they were not given an opportunity to address the issues of proof to support their claim. On March 11, 1994, the bankruptcy court denied the Ashfords' motion for reconsideration. An order denying the motion was entered on April 4, 1994. The Ashfords timely filed their notice of appeal.

## II. ISSUES

A. Whether PLC's objection to the Ashfords' proof of claim was timely filed.

B. Whether the bankruptcy court's denial of the Ashfords' claim in full was clearly erroneous.

C. Whether the bankruptcy court abused its discretion in denying the Ashfords' motion for reconsideration.

## III. STANDARD OF REVIEW

The BAP reviews questions of statutory interpretation *de novo*. *In re Pikush*, 157 B.R. 155, 156 (9th Cir. BAP 1993), *aff'd*, 27 F.3d 386 (9th Cir.1994).

Whether there was compliance with Rule 3007 is a question of fact reviewed under the clearly erroneous standard. *In re Cleanmaster Indus., Inc.*, 106 B.R. 628, 631 (9th Cir. BAP 1989). Similarly, compliance with Rule 3001 is also a question of fact reviewed for clear error.

A bankruptcy court's denial of a motion for reconsideration of an allowance or disallowance of a claim under § 502(j) and Rule 3008 is reviewed for an abuse of discretion. *In re Int'l Yacht & Tennis, Inc.*, 922 F.2d 659, 662 (11th Cir.1991); *Cleanmaster*, 106 B.R. at 630.

## IV. DISCUSSION

A. *Timeliness of PLC's Objection to the Ashford's Proof of Claim*

■ Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest ... objects." *Whitney v. Dresser*, 200 U.S. 532, 534–35, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906) (stating proof of claim is sufficient to establish *prima facie* proof of a valid debt for purposes of distribution of estate assets). Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time. *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir.1992); *In re Kolstad*, 928 F.2d 171, 174 (5th Cir.), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991).

The procedure for filing objections to the allowance of claims is established in part by Rule 3007. Rule 3007 provides that an objection shall be in writing and filed with the bankruptcy court, and a copy of the objection with notice of a hearing shall be mailed to the claimant at least 30 days prior to the hearing.

The Ashfords, relying on Local Rule 3007–4 of the United States Bankruptcy Court for the Southern District of California ("Local Rule"), argue in their opening brief that PLC was "prohibited from objecting to a Claim after 30 days['] from [the] filing of the Claim...."

■ Local Rule 3007–4(b) provides that "[t]he party objecting to a claim shall give no less than thirty (30) days['] notice of the objection to the claimant, ..., in a format prescribed by Local Form CSD 2015...." Local Form CSD 2015 is a form titled "Objection to Claim and Notice Thereof."

PLC responds, correctly, that Local Rule 3007–4(b) requires thirty days' *notice* of the objection to the claimant and does not require thirty days to file an objection, as the Ashfords argue.

PLC's objection to the Ashfords' claim was filed on October 8, 1993. The Ashfords filed their opposition to the objection and request for a hearing on October 15, 1993. The bankruptcy court did not schedule the hearing until November 15, 1993. Because more than thirty days had elapsed since the filing of PLC's objection, the Ashfords were afforded the 30 days' notice required by Local Rule 3007–4(b).

B. *Disallowance of the Ashfords' Claim*

A proof of claim filed in bankruptcy is *prima facie* valid under § 502(a). Rule 3001(c) requires a creditor to attach a writing to its proof of claim if the creditor bases its

claim on a writing. Similarly, Rule 3001(d) requires a creditor to accompany a proof of claim with evidence that the creditor perfected a security interest if it claims a security interest in property of the debtor. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

Upon the filing of an objection, the objecting party "must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985).

The Third Circuit Court of Appeals, in explaining the applicable burdens of proof, aptly stated:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is *"prima facie"* valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny International, Inc.*, 954 F.2d 167, 173–74 (3d Cir.1992) (citations omitted); *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991); *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). *See generally* Barry Russell, *Bankruptcy Evidence Manual*, §§ 301.13, 301.47 (West 1994–95 ed.).

The proof of claim filed by the Ashfords contained several documents, including: (1) a notice of election to terminate a rejected executory contract; (2) a notice of a claim of lien pursuant to § 365(j); (3) miscellaneous receipts and canceled checks; and (4) a notice of lien.

1. *Claim Based on a Writing—Rule 3001(c)*

As previously stated, Rule 3001(c) provides that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."

█ It is generally held that failure to attach writings to a proof of claim does not require a bankruptcy court to disallow a claim on that basis alone. Rather, the claim is not entitled to be considered as *prima facie* evidence of the claim's validity. *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992); *Whitney*, 200 U.S. at 534, 26 S.Ct. at 317 (holding failure to file writing does not raise presumption against the existence of the writing); *In re Petrich*, 43 F.2d 435, 437 (S.D.Cal.1930); *In re Lindell Drop Forge Co.*, 111 B.R. 137, 142–43 (Bankr.W.D.Mich. 1990) (holding where claim did not comply with Rule 3001(c) it was not entitled to be considered as *prima facie* evidentiary proof).

"The purpose of the rule [Rule 3001(c) ] is to allow a creditor who attaches documents to his proof of claim to then refrain from presenting any other evidence because the documents establish sufficient evidence to sustain the claim." *Stoecker*, 143 B.R. at 883.

█ The Ashfords' claim revolves around the rejection of the purported sales contract creating the lien under § 365(j). As such, the purported contract should have been filed with the proof of claim.

The Ashfords in their reply brief claim that they "are able to prove the contract was entered into, but that is not necessary as the

contract was rejected...." We disagree. Since the Ashfords have failed to comply with Rule 3001(c), the claim cannot constitute *prima facie* evidence of validity under Rule 3001(f).

### 2. *Evidence of Perfection of Security Interest—Rule 3001(d)*

■ Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

The Ashfords have claimed that they have a security interest in the real property. The Ashfords further argue that the bankruptcy court impermissibly classified the claim as unsecured. As proof of their secured status, the Ashfords attached a notice of lien to their proof of claim.

The proof of claim does not establish proof of a sales contract or that the Ashfords made payments towards the purchase of real property, rather than rent. In addition, the notice of lien attached to the proof of claim lacked both a bankruptcy court file stamp and/or a stamp indicating whether the interest had been perfected under state law (i.e., recordation).

Since the Ashfords have also failed to comply with Rule 3001(d), the claim cannot also constitute *prima facie* evidence of validity.

### 3. *Validity of Claim*

■ Since the claim lacks *prima facie* evidence of validity, the Ashfords are required to allege facts sufficient to support their claim. The Ashfords have not alleged sufficient facts to prove the existence of a secured claim. In fact, based on the record before this panel, it is clear that the Ashfords were merely tenants with a month to month lease and not secured creditors.

The bankruptcy court correctly concluded that the Ashfords failed to present adequate evidence that a sales contract existed, that their payments were for the purchase of property, or that they had a security interest

in the property. Thus, the decision of the bankruptcy court to disallow the Ashfords' claim in full was not clearly erroneous.

### C. *Reconsideration of Disallowance of Claim*

Section 502(j) provides in pertinent part, that, "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

Rule 3008 states that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

Several courts have looked to Fed.R.Civ.P. 60(b) for the standards for reconsideration of claims and the definition of "cause" under § 502(j).[4] *In re Colley,* 814 F.2d 1008, 1010, *reh'g denied,* 818 F.2d 443 (5th Cir.), *cert. denied,* 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987); *In re W.F. Hurley, Inc.,* 612 F.2d 392, 396 n. 4 (8th Cir.1980); *Cleanmaster,* 106 B.R. at 630; *In re Resources Reclamation Corp. of America,* 34 B.R. 771, 773 (9th Cir. BAP 1983).

The Fifth Circuit Court of Appeals has held that where a Rule 3008 motion is filed within the ten day period to appeal, the applicable standards for reconsideration and definition of "cause" under § 502(j) must be found in Rule 59(a).[5] *In re Aguilar,* 861 F.2d 873, 874 (5th Cir.1988).

Fed.R.Civ.P. 59(a)(2) provides that the court may open the judgment, take additional testimony, amend or make new findings of fact and conclusions of law, and direct the entry of a new judgment for any of the reasons for which rehearings have been granted in suits in equity.

Here, the Ashfords argued that they did not have an opportunity to address the issue of whether they tendered the $20,000 down payment to convert the lease to a sales contract, and further raised objection to PLC being allowed to file an objection to the Ashfords' claim. The Ashfords concluded in

---

4. Fed.R.Civ.P. 60(b) is made applicable to bankruptcy proceedings through Rule 9024.

5. Fed.R.Civ.P. 59(a) is made applicable to bankruptcy proceedings through Rule 9023.

their motion for reconsideration that "new evidence and testimony has come to light to confirm the fraud inflicted upon the Court in this matter."

The evidence supplied by the Ashfords consisted of miscellaneous letters dated from June 8, 1989 to September 14, 1989 from the Ashfords to Naiman and/or Pioneer, and copies of canceled checks. As this evidence was available at the time of the hearing, it cannot be said to be new.

At the December 9, 1993 hearing on PLC's objection, the bankruptcy court specifically inquired whether the Ashfords had presented all the evidence in support of their claim:

> THE COURT: ... Is there any need for an evidentiary hearing? Should I just read what I have in front of me and make a decision on the claim?
>
> MR. ASHFORD: Yes, your Honor.... The issue should be the amount of the Ashfords' claim.
>
> THE COURT: I take it you're satisfied with the record, that everything you want me to consider on your behalf is here?
>
> MR. ASHFORD: Yes, your Honor.

Even though the evidence was available at the time of the hearing, the bankruptcy court held a hearing on the Ashfords' motion for reconsideration on March 11, 1994. We find no abuse of discretion by the bankruptcy court in denying the Ashfords' motion for reconsideration when the evidence was not "newly discovered," the Ashfords failed to prove sufficient "cause," and they were given an opportunity at a prior hearing to submit any relevant evidence.

In addition, the Ashfords' main argument appears to be that the court order, rejecting their alleged executory contract, established the fact that they had a valid executory contract. This argument is without merit. The order rejecting the contract clearly reserved the issue of whether there was an executory contract to reject.

## V. CONCLUSION

PLC's objection to the Ashfords' proof of claim was timely filed. The bankruptcy court did not commit clear error by disallow-ing the Ashfords' claim in full based on their failure to establish that there was an executory contract. The bankruptcy court also did not abuse its discretion in denying the Ashfords' motion for reconsideration. Accordingly, we AFFIRM.