**In re Veleda Carol VANN, Debtor.**

**Bankruptcy No. 03–24789.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Jan. 19, 2005.

Jay S. Jump, Kent, WA, for Debtor.

## MEMORANDUM DECISION AND ORDER ON OBJECTIONS TO CLAIMS

KAREN A. OVERSTREET,
Bankruptcy Judge.

This matter came before the Court on the debtor's objections to proofs of claim filed in the above case by Household Credit Services/Household Receivable Acquisition (Claim No. 2 in the amount of $985.25), Premier Bankcard/Premier/CSI Dept. SDPR (Claim No. 5 in the amount of $374.53), eCast Settlement Corp., as assignee of Citibank USA NA (Claim No. 6 in the amount of $2,060.81), and eCast Settlement Corp., as assignee of MBNA

America Bank, N.A. (Claim no. 7 in the amount of $694.35). The creditors did not respond to the debtor's objections and the debtor has submitted a declaration of no response and a proposed order disallowing each claim on the ground that no response to the objection has been filed. The proposed orders also bar each creditor from filing any supplemental claim. For the following reasons, the Court will deny the debtors' request to disallow these claims, but will instead permit each creditor the opportunity to provide additional support for its claim as required by the Order below.

## I. BACKGROUND

The debtor commenced this case under Chapter 13 of the Bankruptcy Code[1] on November 14, 2003, and confirmed her Amended Chapter 13 plan on November 5, 2004. The confirmed plan states that the anticipated dividend to unsecured creditors will be 100% of the amount of their claims (estimated at $4,187.17) based upon a liquidation analysis showing $4,187.17 in funds available for unsecured creditors. On November 29, 2004, the Chapter 13 trustee filed his Report of Filed Claims, showing every claim filed in the case as of that date.

On August 31, 2004, the debtor filed an *ex parte* Motion to Sell Real Property to Fund Plan to obtain court authority to sell her personal residence. The sale, which was approved by order of the Court on September 1, 2004, was expected to generate $33,650.11 in proceeds. Subsequent to the entry of the order approving the sale, the debtor timely filed the objections to claims that are at issue here.

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

## II. DISCUSSION

### A. Summary of the Court's Decision in *Henry.*

This Court issued the decision in *In re Henry,* 311 B.R. 813 (Bankr.W.D.Wash. 2004) in an effort to establish reasonable and cost-effective guidelines for dealing with small proofs of claim, including credit card claims, in Chapter 13 cases. In *Henry,* this Court held that the failure to comply with Rule 3001(c) by attaching the writing upon which the claim is based negates the *prima facie* validity of the claim under Bankruptcy Code § 502(a). *See In re Consolidated Pioneer Mortgage,* 178 B.R. 222, 226 (9th Cir. BAP 1995); *In re Stoecker,* 143 B.R. 879, 883 (N.D.Ill.1992); *In re Petrich,* 43 F.2d 435, 437 (S.D.Cal. 1930); *In re Lindell Drop Forge Co.,* 111 B.R. 137, 142–43 (Bankr.W.D.Mich.1990). This Court also held that a credit card debt is a claim based upon a writing and that to maintain *prima facie* validity, a creditor should attach to its proof of claim form or file in response to a claims objection (i) a sufficient number of monthly account statements to show how the total amount asserted has been calculated, and (ii) a copy of the agreement authorizing the charges and fees included in the claim. Finally, this Court held in *Henry* that in the absence of that minimum evidentiary presentation, the creditor's claim could be disallowed. In *Henry,* each of the creditors was given an opportunity to amend its claim by submitting additional documentation.

 Recently, the Court clarified its decision in *Henry* in a case entitled *In re Crowe,* Bankruptcy Case No. 02–21809, 321 B.R. 729, 2005 WL 525634 (Bankr. W.D.Wash.2005). In *Crowe,* this Court confirmed the ability of a creditor to file a summary of its claim when the documentation supporting the claim is voluminous. The Court adopts the holding of the court in *In re Cluff,* which established the following guidelines for the form of the summary: (i) it should include the amount of the debt(s), (ii) it should identify the name and account number of the debtor, (iii) it should be in the form of a business record or some other equally reliable format, and (iv) if the claim includes charges such as interest, late fees and attorneys' fees, the summary should break down each of those charges by category. *Cluff,* 313 B.R. 323, 335 (Bankr.D.Utah 2004). The filing of a summary, however, does not relieve a creditor of its obligation to provide all documents supporting the claim to the debtor upon request. *In re Shank,* 315 B.R. 799, 816 (Bankr.N.D.Ga.2004); *In re Kemmer,* 315 B.R. 706, 715 (Bankr. E.D.Tenn.2004); *In re Cluff,* 313 B.R. at 335–36. Nor does the filing of a summary negate the requirement that a creditor check the box in paragraph 4 of the proof of claim form if the claim includes interest or other charges in addition to the principal amount of the claim and to attach, if applicable, an "itemized statement of all interest or additional charges."

The claims objections filed in this case are identical to those filed in the *Crowe* case. Each of the objections states:

> YOU MAY AVOID THIS HEARING by providing (1) a minimum of 12 months of account statements from the debtor's alleged account, (2) a copy of the contract obligating the debtor to [the creditor], (3) proof of a valid assignment (if applicable), and (4) evidence of compliance with the Truth in Lending Act, 16[15] U.S.C. § 1692 (a signed application by the debtor), PRIOR to the response date indicated below.

This Court held in *Crowe* that this statement requires significantly more than the Court required in *Henry.* Nothing in *Henry* requires a creditor to attach to its

proof of claim 12 months of account statements, nor does *Henry* require a creditor to submit proof that it has complied with the Truth in Lending Act.

## B. Application of *Henry* and *Crowe* to the Facts.

 The Court has reviewed each claim at issue in this case to determine if a proper summary or documentation complying with *Henry* has been filed. The claims of Household Credit Services/Household Receivable Acquisition, Premier Bankcard/Premier/CSI Dept. SDPR, and eCast Settlement Corp., as assignee of Citibank USA NA, each attach a summary of the debt with no supporting documents and no breakdown of principal, interest and fees. Each claim provides contact information if supporting documents are desired. The claim of eCast Settlement Corp. as assignee of MBNA America Bank, N.A., states that the supporting documents are voluminous and therefore are not attached to the proof of claim. Instead, a summary is attached to the claim in the form of an internal report, but the Court cannot find on that report any breakdown of the components of the total amount of the debt. Accordingly, all of the proofs of claim are deficient in that they do not break out the components of the claim.

The debtor has listed three of the four claims in the schedules, but at different amounts than set forth in the proof of claim forms. The debtor lists a claim for Household at $901, a claim for Premier at $341, and a claim for MBNA at $735.[2] The claim of Citibank does not appear to be scheduled.

## CONCLUSION

Based upon the foregoing documentary presentation, the Court will give the credi-

tors an opportunity to supplement their claims with additional information or supporting documentation. They must provide a statement itemizing the total amount of the debt; and if they are seeking interest and fees in addition to principal, they must provide the agreement or other authority for the amount or validity of the charge.

## ORDER

For the foregoing reasons, it is hereby ORDERED that Household Credit Services/Household Receivable Acquisition, Premier Bankcard/Premier/CSI Dept. SDPR, and eCast Settlement Corp., as assignee of Citibank USA NA, and eCast Settlement Corp. as assignee of MBNA America Bank, N.A. shall have 45 days from the date of this order to supplement their claims with additional information or supporting documentation, which must include at a minimum (i) a statement itemizing the total amount of the debt, including principal, interest and other charges; and (ii) if a creditor is seeking interest or other charges in addition to principal, the agreement or other authority for the amount or validity of the interest or charge.

FURTHER ORDERED that the debtor shall promptly serve a copy of this Memorandum Decision and Order on each creditor at the address set forth in the proof of claim and at an address that complies with Bankruptcy Rules 9014(b) and 7004.

FURTHER ORDERED that in the event any creditor fails to provide the information described above, the Court may determine the amount of the claim based upon the documents on file with the Court or disallow the claim in its entirety.

---

2. The debtor lists these claims as "unliquidated," but not disputed.