**CONFIDENTIAL CLAIMANT # 87/204, Plaintiff–Appellant,**

v.

**ROMAN CATHOLIC CHURCH, Diocese of Tucson, aka The Diocese of Tucson, an Arizona corporation sole, Defendant–Appellee.**

**No. 07–17096.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2009.*

Filed March 13, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

J. Lawrence Dunlavey, Esquire, G. David Delozier, P.C., Cave Creek, AZ, for Plaintiff–Appellant.

Kasey Nye, Quarles & Brady LLP, Tucson, AZ, Christopher Graver, Esquire, Stinson Morrison Hecker LLP, Phoenix, AZ, FOR Defendant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM **

Claimant–Appellant appeals the district court's affirmance of the bankruptcy court's decision sustaining objections to his claim in the bankruptcy proceedings of the Roman Catholic Church of the Diocese of Tucson. We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decision on appeal from a bankruptcy court, and review the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *Rains v. Flinn (In re Rains),* 428 F.3d 893, 900 (9th Cir.2005).

The bankruptcy court did not err in concluding that Appellant's claim was time-barred. The Official Committee of Tort Claimants objected to Appellant's claim on the ground that he had failed to establish circumstances tolling the two-year statute of limitations for a personal injury cause of action under Arizona law. *See* Ariz.Rev.Stat. § 12–542(1) (West 2009) (establishing limitations period). The burden was accordingly on the Appellant to establish tolling of the limitations period, which absent tolling would have expired some 25 years prior to his filing of the proof of claim. *See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.),* 178 B.R. 222, 225–26 (9th Cir.

BAP1995) (explaining burdens of proof in summary bankruptcy proceedings).

■ Under Arizona's discovery rule, a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause. *Doe v. Roe,* 191 Ariz. 313, 955 P.2d 951, 959 (1998). The Arizona Supreme Court has held that "the discovery rule delays the accrual of a cause of action based on childhood sexual abuse when the plaintiff retrieves repressed memories of the abuse." *Id.* at 960. The bankruptcy judge found that the Appellant had not established tolling, noting that "claimant was not able to persuade the court, on the record before it, of having the type of repressed memory that was only recently triggered." This finding is supported by inconsistencies within Appellant's filings concerning when he recalled the alleged abuse, as well as his inability to provide an explanation for these inconsistencies at the evidentiary hearing.

■ Appellant argues that the bankruptcy proceeding violated his right to due process because he was not informed that he would be required to present expert testimony regarding repressed memory. Appellant also argues that the bankruptcy judge erred in denying his motion for reconsideration by not allowing him to introduce expert testimony in support of his claim after his claim was denied. However, while the bankruptcy judge noted in his decision that "no expert witness was proffered by the claimant to bolster any theory of repressed memory," the record on the whole indicates that the presentation of expert testimony was not a prerequisite to establishing a claim. Appellant therefore has not established a due process violation.

Nor did the bankruptcy judge abuse his discretion in declining to grant the motion for reconsideration. *See In re Consol. Pioneer Mortg.,* 178 B.R. at 225 (stating standard of review for denial of motion for reconsideration in bankruptcy proceedings). Appellant had an ample opportunity to prepare for the evidentiary hearing and was on notice that he would be required to establish tolling.

The district court did not err in affirming the order of the bankruptcy court sustaining the claim objections.

**AFFIRMED.**