In re H. Roger LAWLER, et al., Debtor.

H. Roger LAWLER, Plaintiff,

v.

GUILD, HAGEN & CLARK, LTD., Defendant.

Misc. No. 586–501.

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

July 30, 1987.

See also Bkrtcy.N.D.Tex., 74 B.R. 991.

---

C. Thomas Wesner, Jr., Dallas, Tex., for Lawler.

Judith L. Weaver, Thompson & Knight, Dallas, Tex., for Guild.

## MEMORANDUM OF OPINION ON MOTION OF GUILD, HAGEN & CLARK, LTD. TO WITHDRAW PROOF OF CLAIM

JOHN C. AKARD, Bankruptcy Judge.

### Procedural Background

On January 9, 1976, an involuntary petition in bankruptcy was filed against H. Roger Lawler (Lawler) in the District of Nevada. The case was transferred to the Northern District of Texas, Dallas Division, on June 6, 1976 and on January 20, 1978 Lawler consented to an adjudication of bankruptcy. For a time the case was administered under Chapter VII of the Bankruptcy Act with L.E. Creel, III as Receiver and Trustee. Subsequently, the case was converted to a Reorganization under Chapter XI of the Bankruptcy Act with Mr. Creel as the Operating Trustee and Disbursing Agent. Apparently through various actions brought by the Trustee, it was determined that Lawler was solvent. A "New Plan of Arrangement" was confirmed on April 30, 1984. One of the provisions of that Plan is that unsecured creditors are to receive the full amount of their claims together with interest from January 9, 1976.

On February 20, 1976, Guild, Hagen & Clark, Ltd. (Guild) filed a Proof of Claim in

the amount of $15,565.40 for unpaid attorneys' fees and expenses.[1] More than four years later, on May 25, 1982, Lawler filed his first Objection to the Proof of Claim alleging that certain supporting documentation and information were not provided with it. On February 29, 1984, Guild filed an Amended Proof of Claim for $16,433.32,[2] attached to which was an itemization of attorneys' services reflected in bills sent to Lawler between December, 1974 and April, 1975.

On April 3, 1984 (more than eight years after the filing of the original Proof of Claim) Lawler filed an Amended Objection to Guild's Proof of Claim in which he alleged, for the first time, that Guild had committed certain acts of legal malpractice.

Guild filed a Motion for Summary Judgment based on the statute of limitations. At a hearing on October 14, 1986, the Court denied that Motion for the reason that even though a matter is barred by limitations, it may be used as a defense to a Proof of Claim. Trial on the merits began the same day and the Court announced that it would hold a final hearing on the matter on December 8, 1986.

Subsequently, Guild determined it was too costly to pursue its claim against Lawler and filed a Motion for Leave to Withdraw Proof of Claim. The Motion stated that Guild wished to withdraw its Proof of Claim with prejudice only if the Court also dismissed the Objection and counterclaim raised by Lawler. The Court heard arguments on that Motion on December 8, 1986 and the parties submitted briefs and responses.

### Applicable Law and Rules

■ This case was filed under the Bankruptcy Act of 1898 and that law remains applicable. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403, 92 Stat. 2683 (1978) (codified at 11 U.S.C. preceding § 101). The Rules of Bankruptcy Procedure were replaced August 1, 1983 by the Bankruptcy Rules. The United States Supreme Court's Order of April 25, 1983 adopting the Bankruptcy Rules provided that they apply to "proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work an injustice...." 6 Bankr.Serv. § 51:87 L.Ed.1984.[3] Thus, while the Bankruptcy Act controls on substantive issues in this case, the current Bankruptcy Rules govern procedural matters.

Withdrawal of proofs of claim is governed by Bankruptcy Rule 3006 which reads as follows:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee selected pursuant to §§ 705(a) or 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.[4]

---

1. This is Claim No. 1 on the Court's Claim Docket. A similar claim was filed on March 9, 1978 which is Claim No. 10 on the Court's Claim Docket.

2. Claim No. 86 on the Court's Claim Docket.

3. Lawler asserts that the Rules of Bankruptcy Procedure rather than the Bankruptcy Rules should apply since this is a case under the Bankruptcy Act, citing *In re Silverman*, 36 B.R. 254 (Bankr.S.D.N.Y.1984). The Court read

Judge Schwartzberg's opinion and respectfully declines to follow his reasoning. Insofar as it is material to this case, only slight differences exist between the Rules of Bankruptcy Procedure and the Bankruptcy Rules. The result under either set of Rules would be the same.

4. Rule of Bankruptcy Procedure 305, in effect in 1978, which governed withdrawal of claims reads as follows:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as

Objections to Claims are governed by Bankruptcy Rule 3007 which reads as follows:

> An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.[5]

### Insufficient Notice

■ By Order dated February 13, 1984, Bankruptcy Judge John Ford set 9:00 a.m. on April 3, 1984 for hearing on all remaining proofs of claim and objections. Lawler was instructed to send notice of that hearing to all creditors by February 17, 1984; thus Lawler was fully aware of the setting. Lawler filed his Amended Objection to Guild's Proof of Claim on April 3, 1984. The response filed on May 1, 1984 by Guild pointed out that this Amended Objection was filed shortly before the hearing to adjudicate the remaining Proofs of Claim and Objections thereto. For this violation of Bankruptcy Rule 3007, the Amended Objection should be denied and Guild's Claim in the amount of $15,565.40 should be allowed.[6]

■ Guild's response stated that on April 3, 1984, the Court continued the hearing in order to give Guild sufficient time to respond and/or plead to Lawler's additional Objection. That hearing was presided over by another Bankruptcy Judge, so this Court cannot evaluate that ruling. However, the surprise of a vastly different Objection received shortly before a hearing on Objections undoubtedly caused Guild's attorney to seek time in which to respond. Therefore, Guild's request for time to respond cannot constitute a waiver of Guild's rights under Bankruptcy Rule 3007. The Court's granting of additional time does not constitute an overruling of an objection to the late filing based on Bankruptcy Rule 3007.[7]

### Nature of the Amended Objection

The Amended Objection stated that the Debtor asserted damages by way of counterclaim and setoff in the amount of $510,000.00, alleged to have occurred as a result of the professional negligence of Anthony Clark, one of Guild's partners. The alleged professional negligence arose out of matters with respect to the Soldiers Meadows Ranch which Lawler asserts he acquired in 1973 from Baer Ranch, Inc. Guild's response denied there was any merit to Lawler's allegations.

Under the Bankruptcy Act, the Bankruptcy Courts had summary jurisdiction to adjudicate all matters relating to the administration of the Bankrupt's estate and property in the Court's possession. 2 *Collier on Bankruptcy* § 23.02[1] (14th Ed.

---

provided in this rule. If, after a creditor has filed a claim, an objection is filed thereto or a complaint is filed against him in an adversary proceeding or the creditor participates significantly in the case or receives a dividend, he may not withdraw the claim save on application or motion, with notice to the trustee or receiver, and on order of the court containing such terms and conditions as the court deems proper.

**5.** Rule of Bankruptcy Procedure 306(c), in effect in 1978, required ten days notice of a hearing on an objection and stated: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 701, the proceeding thereby becomes an adversary proceeding."

**6.** Guild's Amended Claim of February 29, 1984 is for $16,433.32. That Claim represents the same principal amount plus $867.92 in accrued

interest. Since the New Plan of Arrangement contains an interest factor, Guild's Claim should be allowed for the original principal amount.

**7.** Although this Court feels that the ruling based on Bankruptcy Rule 3007 is sufficient to determine this matter, it is not the only basis of this decision. In the event the continued actions in this matter should be construed to be a waiver of the requirement of Rule 3007, or in the event the granting of the continuance by the prior Bankruptcy Judge should somehow be considered to have overruled Guild's Objection based on Bankruptcy Rule 3007, this Court will discuss other grounds for its decision. In these other grounds the Court will assume, *arguendo,* that the Amended Objection was filed timely.

1976). Plenary jurisdiction required that other matters be brought in the appropriate State or Federal Court unless the parties consented to jurisdiction by the Bankruptcy Court.[8] The filing of a claim constituted consent to the jurisdiction of the Bankruptcy Court. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Peters v. Lines,* 275 F.2d 919 (9th Cir.1960).

Guild's claim relates to services rendered between November or December, 1974 and April, 1975. Documents introduced into evidence show that Guild rendered services to Lawler on 21 different matters. The detail with respect to the Baer matter shows services between August 16, 1974 and August 29, 1975 for total attorneys' fees of $4,127.50 and costs of $122.50. Apparently Guild rendered services on the Baer matter after April, 1975 for which the charges were never billed. By Order dated April 25, 1975 the Nevada State District Court relieved Guild as attorney for Lawler in the suit filed by The Baer Ranch, Inc.

Bankruptcy Rule 7001(1) states that an adversary proceeding is a proceeding in a Bankruptcy Court "to recover money or property" (with certain exceptions inapplicable here). An adversary proceeding requires that a complaint be filed, a filing fee be paid and a Summons be issued.[9]

■ The fact that an adversary proceeding is required in order to recover money or property is made abundantly clear by Bankruptcy Rule 3006 which states "If ... a complaint is filed against that creditor in an adversary proceeding...." and by Bankruptcy Rule 3007 which states "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." The mere filing of an Objection to a Claim is insufficient to initiate an adversary proceeding. As dictated by these Rules, Lawler should have filed a Complaint, paid the appropriate filing fee and secured the issuance of a Summons; he took none of these steps. *See, Fuerst v. Anderson (In re Anderson),* 5 B.R. 47 (Bankr.N.D.Ohio 1980) (objection to Discharge dismissed because although the pleading was denominated a complaint, no filing fee was paid and no summons sent); *In re Ennis,* 50 B.R. 119 (Bankr.Nev.1985) (request for an injunction is an adversary proceeding).

As pled by Lawler, the allegations of professional malpractice were solely a defense to the claim filed by Guild. *Agger v. Seaboard Allied Milling Corp. (In re Cushman Bakery),* 526 F.2d 23, 35 (1st Cir.1975) *cert. denied* 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976) (holding that a trustee's objection to the allowance of a claim is manifestly not the institution of a proceeding that will entitle the trustee to recover on behalf of the estate.)

When Guild withdrew its claim, Lawler received everything to which he was entitled, namely the reduction of Guild's claim to zero. Lawler's defense is now complete in that Lawler does not have to pay Guild's Claim with interest as provided in the New Plan of Arrangement. Lawler's defense was effective in that it resulted in a dismissal of the Claim and Lawler's Objection thereto with prejudice.[10]

### Statute of Limitations

■ Guild asserts that Lawler's claim for professional malpractice is barred by the statute of limitations. The last services billed to Lawler were rendered in April, 1975; Guild stepped down as Lawler's attorney in the suit filed by The Baer Ranch, Inc. on April 25, 1975 and in the suit filed by Lawler against The Baer Ranch, Inc. in June, 1975; Guild's time sheet reflects ser-

---

**8.** Section 23b of the Bankruptcy Act (11 U.S.C. § 46b 1978) provided that:

"Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant...."

**9.** Similar provisions concerning adversary proceedings were contained in Rule of Bankruptcy Procedure 701.

**10.** This conclusion is sufficient for a complete disposition of the matter before the Court. Since the parties have raised other issues, they will be discussed, although they are not necessary to a decision in this case.

984

vices on the Baer matter as late as August 29, 1975; the involuntary petition against Lawler was filed on January 9, 1976 and the adjudication of bankruptcy was made January 20, 1978.

During the time in question, the Nevada statute of limitations for attorney malpractice was two years from the time the Plaintiff knew or should have known all facts material to the elements of a cause of action and that damage had been sustained. Nev.Rev.Stat. § 11.190(4)(e) (1951); *Jewett v. Patt*, 95 Nev. 246, 591 P.2d 1151 (Nev. 1979).[11]

It is undisputed that Lawler signed a Notice of Lis Pendens in connection with the suit by Lawler against The Baer Ranch, Inc. and other parties on February 24, 1975. The actions of which he complains occurred prior to that date and his suit against The Baer Ranch, Inc. included the same matters of which he now complains. Certainly by that date Lawler knew or should have known all facts material to the elements of a cause of action and the damages sustained. Therefore, his cause of action expired no later than February 23, 1977, and prior to the adjudication of bankruptcy on January 20, 1978.[12]

There is yet another statute of limitations to be considered. Section 11e of the Bankruptcy Act (11 U.S.C. § 29e) provides:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy....

As shown above, the Nevada statute of limitations expired before the adjudication of bankruptcy. Thus, this Act section giving the receiver or trustee additional time

to file a suit is inapplicable. Assuming *arguendo* that the State statute of limitations expired after adjudication, the two-year time for the bringing of such an action expired January 20, 1980, some four years prior to Lawler filing the Amended Objection. Indeed, this extension of the statute of limitations would benefit only a Receiver or Trustee-in-Bankruptcy and would not benefit a Debtor. *Lawler v. RepublicBank Dallas (In re Lawler)*, 53 B.R. 166 (Bankr.N.D.Tex.1985).

▉ Lawler asserts that by entering into a Pretrial Order, Guild waived the defense of limitations. However, this cannot be credited in view of the then pending Motion for Summary Judgment based upon limitations.

▉ Lawler then argues that because there is an indefinite period of time in which to file an Objection to a Proof of Claim, his claim for affirmative relief is not barred by limitations. However, bankruptcy courts will bar by limitations an objection asserted as an action for affirmative relief. *Smith v. American Financial Systems, Inc. (In re Smith)*, 737 F.2d 1549 (11th Cir.1984); *Basham v. Finance America Corp.*, 583 F.2d 918, 928 (7th Cir.1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 and 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979) (The *Basham* Court stated that the debtors in bankruptcy brought suit for affirmative relief based on alleged Truth-in-Lending Act violations and decided that the fact that the creditors being sued had filed claims in the bankruptcy proceeding had no material relevance); *Agger, supra*.

When Guild withdrew its Claim, the only portion of Lawler's claim which remained was a claim seeking affirmative relief against Guild. As long as Lawler raised his claim for the purposes of setoff or recoupment, he could assert it defensively. In *Riley v. Montgomery*, 11 Ohio St.3d 75,

---

11. In 1981 the Nevada Legislature enacted a four-year statute of limitations applicable to attorney malpractice actions but it does not apply in this case since the events at issue occurred in 1974 or 1975—prior to the four-year statute's enactment. Nev.Rev.Stat. § 11.207 (1985).

12. The Nevada statute of limitations is the statutory period to be applied in this case since the alleged malpractice occurred in Nevada, Guild's practice was in Nevada, and the ranch was located in Nevada.

463 N.E.2d 1246 (1984), an attorney filed suit for his fees after the statute of limitations for an original action based on the attorneys' malpractice had run. The defendant filed a counterclaim for damages alleging the attorney had committed malpractice. The Court held that the defendant was permitted to raise the malpractice claim by way of recoupment, though the statute of limitations had run. The Court held:

> Despite the fact that appellants *are no longer entitled to bring an affirmative action for malpractice,* under a recoupment theory they would be entitled to assert these claims in defense.

*Id.* 463 N.E.2d at 1249–50. (Emphasis added.)

The Federal Courts follow this rule as well. A defense asserted by way of recoupment can be raised after the statute of limitations has run, but only defensively. On the other hand, a claim seeking affirmative relief may not be brought after the statute of limitations has run. *Nalley v. McClements,* 295 F.Supp. 1357, 1360 (D.Del.1969).

The rationale of *Riley* and the Federal Courts in permitting a defendant to assert a defense which would otherwise be barred by limitations is the same rationale which permits an Objection to Proof of Claim to be filed at any time. But, once the Proof of Claim is withdrawn, the remaining claim for affirmative relief is barred.

### Conclusion

The withdrawal of Guild's claim will be permitted with prejudice to that claim and to the matters asserted by Lawler in his Amended Objection.[13]

Order accordingly.[14]

---

**13.** The attorneys' services which Guild claims were rendered in 1974 and 1975. Lawler has successfully avoided paying for those attorneys' services for more than twelve years. It appeared at the initial hearing on this matter that Lawler had basically concluded his testimony. The Court found no evidence to indicate any type of legal malpractice on the part of Guild. The only conclusion which can be drawn from the evidence is that Lawler was a very difficult client who had various legal problems and who did not pay his bills to these attorneys. On a number of occasions in this proceeding, Lawler has used his apparently inexhaustible resources in his continuing efforts to defeat claims which have been filed in this proceeding. It is no surprise that after all these years, Guild decided it was less expensive to withdraw its claim than to continue the war waged by Lawler.

**14.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.