**POWER FIVE, INC., Appellant,**

v.

**GENERAL MOTORS CORPORATION, Automotive Armature Co., Inc., and Joseph W. Hammes, Chapter 7 Trustee of Automotive Armature Co., Inc., Appellees.**

**In re AUTOMOTIVE ARMATURE CO., INC., Debtor.**

No. IP 97–934 C B/S.
Bankruptcy No. 91–13075 B–V–7A.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 30, 1998.

James A. Knauer, Kroger Gardis & Regas, Indianapolis, IN, for Plaintiff.

Joseph W. Hammes, Chapter 7 Trustee, Edward Hopper, United States Trustee, Jerald I. Ancel, Sommer & Barnard, Indianapolis, IN, for Defendant.

### *ENTRY VACATING BANKRUPTCY COURT'S ORDER OVERRULING POWER FIVE, INC'S OBJECTION TO GENERAL MOTORS CORPORATION'S PROOF OF CLAIM*

BARKER, Chief Judge.

Appellant Power Five, Inc. ("Power Five") appeals the Bankruptcy Court's decision to overrule its objection to a proof of claim filed by General Motors Corporation ("GM"). For the following reasons, the Bankruptcy Court's decision is VACATED and the case is REMANDED for actions consistent with this ruling.

### I. *BACKGROUND*

This appeal involves Automotive Armature Co.'s ("Debtor") seven year old Chapter 7 bankruptcy case. Power Five and General Motors are both creditors of Debtor and both

have claims in this bankruptcy. GM filed an unsecured claim in 1992 and Power Five acquired an already filed claim from NBD, Inc. ("NBD") in 1997. Early in the bankruptcy, Debtor listed a contingent claim against GM in its schedule of assets. That claim, however, ultimately was abandoned by the Chapter 7 Trustee ("Trustee") in March 1995, with no objection from any parties in interest.

In December 1996, the Trustee notified Power Five's counsel of all the claims against Debtor, including GM's unsecured claim, and requested that Power Five notify him promptly if they had any objections to any of the claims. (Transcript of May 29, 1997 Hearing at p. 7.) The Trustee informed the Bankruptcy Court at a May 29, 1997 hearing that he received no response to this correspondence from Power Five. *Id.* Counsel for Power Five did not dispute that statement at the hearing, but now contends that it sent a letter dated May 14, 1997 to the Trustee, requesting that he object to the GM claim. Appellant Reply Brief at 7 n. 2.

On April 3, 1997, the Trustee filed three motions with the Bankruptcy Court, including: (1) Application for Attorney's Fees; (2) Application for Accountant's Fees; and, most relevant to this appeal, an (3) Application for Allowance and Disallowance of Claims. On April 10, 1997, the Bankruptcy Court sent notice to all parties in interest, including Power Five, of a May 29, 1997 hearing on the Trustee's three aforementioned motions. The notice provided:

> NOTICE IS HEREBY GIVEN that a hearing will be held ... to consider and act upon the following matters: 1) APPLICATION FOR ALLOWANCE OF CHAPTER 7 TRUSTEE COMMISSION AND FOR FINAL ALLOWANCE OF COMPENSATION OF GENERAL COUNSEL; 2)TRUSTEE'S APPLICATION FOR ALLOWANCE AND DISALLOWANCE OF CLAIMS; AND 3) APPLICATION FOR ALLOWANCE OF COMPENSATION OF ACCOUNTANT and to transact such other business as may properly come before the Court.

Appellant's Exhibit 4.

Power Five filed an objection to GM's unsecured claim on the morning of the May 29, 1997 hearing, alleging that the amount claimed by GM was not due and that there were offsetting debts owed to Debtor by GM. Appellant's Exhibit 4. Later that day, at the hearing, Power Five informed the Bankruptcy Court of its filed objection. Transcript at 4. Upon learning of Power Five's objection, the Bankruptcy Court elected to rule on the objection at that hearing, instead of setting it for a later hearing. Prior to ruling, however, the Bankruptcy Court addressed four issues pertaining to the objection.

First, the Trustee refreshed the Bankruptcy Court's recollection regarding its 1995 abandonment of Debtor's claim against GM. Transcript at 5. The Bankruptcy Court responded by expressing concern that the objection was an attempt to reopen the 1995 abandonment issue. *Id.* at 6. Power Five, however, immediately assured the court that its objection had no connection with the abandoned claim. *Id.* at 7. Power Five had also made it clear that its objection addressed not only offsetting debts, but the validity of the amounts owed to GM as well. *Id.* at 5. Following Power Five's assurances, the Bankruptcy Court did not examine the issue further.

Without prompting, Power Five then informed the Bankruptcy Court that it did not object sooner in order to afford the Trustee an opportunity to object to the GM claim himself. *Id.* at 7. The court did not respond to that comment. *Id.* Instead, it inquired as to the basis of Power Five's standing to object to GM's claim, to which Power Five replied that it had standing "[a]s a creditor." *Id.* at 7.

The Bankruptcy Court and the Trustee then had the following exchange:

> MR. HAMMES (the Trustee): ... Last December I mailed to [Power Five's counsel] the complete claims docket, including—which included the GM claim, which I have not objected to, with a letter asking that he review with his clients and inform me promptly if there were any claims that they objected to being allowed in full as filed. I got no

response to that letter that I sent last year....

THE COURT: All right. Yes, sir. So what do you suggest that we do?

MR. HAMMES: I suggest that the objection be overruled.

THE COURT: I'm going to overrule your objection. Okay? So you give me an order, okay?

*Id.* at 7–8. At no time during the hearing did the Bankruptcy Court examine the objection on the merits.[1] That same day, the Bankruptcy Court issued a written order summarily overruling Power Five's objection. Appellant's Exhibit 5.

## II. *STANDARD OF REVIEW*

We review the bankruptcy court's conclusions of law *de novo.* Fed.R.Bankr.P. 8013; *In Matter of Lifschultz Fast Freight,* 132 F.3d 339, 343 (7th Cir.1997). However, the bankruptcy court's findings of fact are reviewed under a clearly erroneous standard. *Id.; In re A–1 Paving and Contracting, Inc.,* 116 F.3d 242, 243 (7th Cir.1997).

## III. *DISCUSSION*

Power Five appeals the Bankruptcy Court's decision to overrule Power Five's objection to GM's claim, contending that the "Bankruptcy Court err[ed] in overruling the objection ... summarily and without notice to Power Five, Inc. (or to the claimant) that the matter would be heard." Brief of Appellant at 1.

Assuming that the Bankruptcy Court's decision to consider Power Five's objection at

the May hearing was proper in the first place,[2] the Bankruptcy Court nevertheless erred in summarily overruling the objection. The Bankruptcy Court did not set forth any rationale for overruling Power Five's objection during the hearing or in its subsequent written order. The record of the May 29, 1997 hearing establishes that the Bankruptcy Court did not reach the merits of the objection prior to its ruling. Rather, it simply inquired into the procedural history, the timing of the objection, and Power Five's standing to raise such an objection. An examination of the record therefore fails to reveal a proper basis for the Bankruptcy Court's decision, requiring that this action be vacated and remanded for purposes of the Court addressing the substantive issues raised by the objection. Indeed, none of the reasons for the Bankruptcy Court's decision advanced by Appellees justifies the decision to overrule Power Five's objection, as we hereafter explain.[3]

### 1. *Power Five Had Standing to Object*

The Bankruptcy Court briefly inquired into Power Five's standing to object at the May 29th hearing. However, its query ended immediately after Power Five responded that it had standing "[a]s a creditor." Appellees contend that the Bankruptcy Court properly overruled the objection on standing grounds because Power Five was not a creditor of the Debtor's on May 29, 1997.

■ 11 United States Code § 502 provides standing requirements for objectors in bankruptcy proceedings, allowing a "party in in-

---

1. The record strongly suggests that, prior to the hearing, the Bankruptcy Court did not know of the objection, much less had the Bankruptcy Court reviewed it.

2. Power Five contends that the Bankruptcy Court erred by even considering its objection at the May 29th hearing, maintaining that a hearing should not have been scheduled until at least 30 days after the objection was filed as required by Fed.R.Bankr.P. 3007. We do not reach this issue since we vacate the ruling on other grounds.

3. GM moves to dismiss the appeal or, alternatively, intervene in the appeal, contending that it should have been named as an appellee because it was a party to the Bankruptcy Court's decision to overrule Power Five's objection to its claim. Indeed, GM's claim is at issue in this appeal and

due process requires that GM be afforded the opportunity protect that claim. Therefore, GM's motion to intervene is *GRANTED.* The opportunity to intervene satisfies due process; thus GM's motion to dismiss is *DENIED.* GM has filed a brief in this appeal and it has been duly considered in this Entry. GM also seeks leave to file additional items with the Court to be included in the record on appeal. GM has included a list of those items, which the Court has reviewed. *See* GM's Exhibit F. However, none of the items listed relates to the conclusory manner in which the Bankruptcy Court overruled Power Five's objection. Therefore, it is unnecessary for GM to submit those additional items since our decision undoubtedly would be unaffected by them.

terest" to object to a claim filed in the bankruptcy. Creditors of the debtor are parties in interest, within the meaning of Section 502. *In re FBN Food Services, Inc.*, 82 F.3d 1387, 1391 (7th Cir.1996); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir.1990). Therefore, if Power Five was one of Debtor's creditors on May 29, 1997, it had standing under Section 502.

■ Power Five became one of Debtor's creditors when it acquired the claim against Debtor from NBD. Appellees contend, however, that Fed.R.Bankr.P. 3001 did not recognize Power Five's acquisition of the NBD claim until approximately June 18, 1997, twenty days after Power Five filed its objection. Therefore, Appellees argue, Power Five lacked standing as a creditor at the time it filed its objection on May 29, 1997. Power Five rejoins that it had standing to object, even though the requirements of Rule 3001(e) may not have been satisfied on May 29th. We address these contentions in the following paragraphs:

On May 29, 1997, Power Five had filed a Notice of Transfer, informing the Bankruptcy Court that NBD had transferred its claim against Debtor to Power Five. Rule 3001(e) provides, however, that a minimum of twenty (20) days must pass after the clerk sends the notice of the transfer to the putative transferor before the bankruptcy court will treat the transfer as effective. Appellees argue that, since those twenty days had not passed as of May 29, 1997, Power Five was not a creditor when it filed its objection and therefore lacked standing to object.

Nonetheless, Power Five had standing to object to GM's claim on May 29, 1997 as a party in interest. Power Five's failure to satisfy the technical requirements of Fed. R.Bankr.P. 3001 does not deprive it of the opportunity to defend its pecuniary interest in the bankruptcy. *See In re Sullivan Central Plaza I, Ltd.*, 935 F.2d 723, 726–27 (5th Cir.1991)(failure to comply with Fed. R.Bankr.P. 3001 did not deny holder of mortgage standing as party in interest in move to convert Chapter 11 case to Chapter 7 proceeding); *In re Zaleha*, 162 B.R. 309, 314 (Bankr.D.Idaho 1993)("failure to comply with Rule 3001(e)(2) does not, without more, de-

prive a party of standing as a party in interest"). Indeed, NBD would have little incentive to protect the interest of the transferred claim in the interim, since the parties had already executed the transfer. Thus, Power Five would have had to sit on its hands for twenty days following the transfer, lacking the ability to protect its claim. Such a result clearly would be unjust.

*In re Rook Broadcasting of Idaho, Inc.*, 154 B.R. 970 (Bankr.D.Idaho 1993), involved this very issue. In that case, the transferee had filed a motion to transfer but the clerk neglected to send out the notice, thus the requirements of Fed.R.Bankr.P. 3001 went unsatisfied. *Id.* at 973. The bankruptcy court held that a transferee was not deprived of standing merely because the requirements of Fed.R.Bankr.P. 3001 had not been satisfied. *Id.* at 974. According to that court, the transferee had an interest and denying him status as a party in interest would be inequitable. *Id.* at 973.

Consistent with *In re Rook Broadcasting*, *In re Sullivan Central*, and *In re Zaleha*, we hold that Power Five had standing to object to GM's claim.

## 2. *Power Five's Objection Was Timely under the Bankruptcy Rules*

Appellees also contend that Power Five's objection was properly dismissed because it was not filed within 30 days of the hearing, in violation of Fed.R.Bankr.P. 3007. Power Five rejoins that an objection may be filed at any time and that the May hearing did not constitute a court-set deadline for objections.

■ The general rule requires that an objection to a proof of claim may be filed at any time. *In re Kolstad*, 928 F.2d 171, 174 (5th Cir.1991); *In re Consolidated Pioneer Mortg.*, 178 B.R. 222, 225 (9th Cir. BAP 1995); *In re Johnson*, 139 B.R. 163, 171 (Bankr.E.D.Va.1992); 15 Colliers on Bankruptcy ¶ 3007.01[5]. The exception to this rule is when the Bankruptcy Court sets an express deadline for objections. *In re Combined Metals Reduction Co.*, 557 F.2d 179, 202 (9th Cir.1977).

Fed.R.Bankr.P. 3007 sets forth the procedure to be followed when an objection to a claim is made:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Appellees contend that the Bankruptcy Court set the May hearing as a final hearing on all claim objections. Thus, under Rule 3007, Power Five was required to notify the Trustee, GM, and Debtor of its objection 30 days prior to the hearing. Its failure to do so, Appellees argue, resulted in the objection being deemed too late for the May hearing and, since that was the final hearing on all claim objections, the objection was properly dismissed.

Appellees' contention is unavailing. The Notice of Hearing issued by the bankruptcy clerk for the hearing did not set a deadline for objecting to the Applications filed by the Trustee. Nor did it purport to set a bar date by which objections to claims must be filed. In short, the hearing did not constitute a final opportunity to hear claim objections, which would have required any such objections to be filed 30 days in advance thereof. Once Power Five's objection was filed, the safest course under Rule 3007 would have been to set another hearing for the objection with 30 days' notice to GM, Debtor, and the Trustee. The Bankruptcy Court, however, opted not to take that route, ruling instead on Power Five's objection on the day it was filed, without any advance notice to GM, Debtor, or the Trustee. To the extent Rule 3007 was violated, it was not done by Power Five.

Appellees cite *In re Lawler*, 106 B.R. 943 (N.D.Tex.1989), in support of their contention that Power Five's objection was untimely under Rule 3007. In that case, the bankruptcy court issued an order on February 13, 1984, setting an April 3, 1984 hearing on "all remaining proofs of claims and objections." *In Re Lawler*, 75 B.R. 979, 982 (Bankr. N.D.Tex.1987). On April 3rd, the debtor filed an objection to one of creditor's claims, which the bankruptcy court overruled as providing insufficient notice, in violation of Rule 3007. *Id.* The District Court affirmed.

*In re Lawler* is a classic case of an objector who violated a court-set deadline. The bankruptcy court set the April 3rd hearing to dispose of "all remaining ... objections," clearly setting a deadline for objections. The debtor was informed of the court's deadline, but nevertheless failed to file his objection more than thirty days prior to the hearing, as required by Rule 3007. Conversely, in the instant case, the bankruptcy court had not set the May hearing to dispose of all remaining objections. Nor did it ever suggest a deadline for filing objections. *In re Lawler* is therefore clearly inapplicable to our facts.

Accordingly, Power Five's objection to GM's claim must be deemed to have been timely filed under the Bankruptcy Rules.[4]

### 3. Objection Not Barred by Principles of Waiver, Laches or Equitable Estoppel

Appellees' next contention is that the Bankruptcy Court properly overruled Power Five's objection on the basis of waiver, laches or equitable estoppel, citing as evidence Power Five's failure to respond to the Trustee's correspondence inquiring whether Power Five intended to object. None of these equitable doctrines applies to the facts in this case, however.

---

**4.** Appellees also contend that the objection was properly overruled because Power Five served notice of the objection on GM's then-former counsel instead of its then-present counsel, in violation of Fed.R.Bankr.P. 3007. This contention is flawed. First, the notice requirements of Rule 3007 dictate that once an objection is filed, the Bankruptcy Clerk should send notice of that objection and a hearing on the objection to all interested parties. This did not happen in this case because the Bankruptcy Court opted to decide the objection on the day it was filed. Any failure by GM to receive notice of the objection resulted from the Bankruptcy Court's decision to rule on the objection immediately without notifying the parties in interest. Second, there is no indication that the Bankruptcy Court even knew that GM lacked notice of Power Five's objection at the time it overruled the objection. In fact, Power Five's failure to serve GM's then-present counsel was never discussed during the hearing.

### a) *Neither Laches nor Waiver Barred Objection*

■ "Waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed." *Caisse Nationale De Credit Agricole v. CBI Industries*, 90 F.3d 1264, 1275 (7th Cir.1996) (citations omitted); *K–Com Micrographics, Inc. v. Neighborhood Economic Development Corp.*, 159 B.R. 61, 66 (Bankr.D.D.C.1993). "Laches consists of two elements: (1) a lack of diligence by the plaintiff, and (2) prejudice resulting from the delay." *Zelazny v. Lyng*, 853 F.2d 540, 541 (7th Cir.1988); *Smith v. City of Chicago*, 769 F.2d 408, 410 (7th Cir. 1985). The mere passage of time cannot constitute laches. *Smith, supra.*

■ Power Five has the right to object to GM's claim. *See In re Kolstad*, 928 F.2d at 174. Appellees fail to establish that Power Five intended to give up that right or lacked diligence in asserting that right. Shortly after learning that the Trustee had no intention of objecting to GM's claim, Power Five filed its objection, (Transcript at 7), following the common practice of objecting to another creditor's claim only when the Trustee refuses to object. *See In re Thompson*, 965 F.2d 1136, 1147 (1st Cir.1992); *Matter of Fox*, 64 B.R. 148, 151 (Bankr.N.D.Ohio 1986). Power Five's failure to respond to the single request by the Trustee regarding whether it intended to object does not establish a lack of diligence in asserting an objection or an intention to waive the right to object. Furthermore, an earlier objection probably would have been invalid on standing grounds since Power Five acquired its interest in the bankruptcy close to the time it filed its objection.[5] The application of laches or waiver principles is unwarranted in this case.

### b) *Objection Not Barred by Equitable Estoppel*

■ "An estoppel arises when one party has made a misleading representation to another party and the other has reasonably relied to his [or her] detriment on that representation." *Black v. TIC Investment Corp.*, 900 F.2d 112, 115 (7th Cir.1990).

■ Appellees contend that GM was materially misled into not attending the May 29th hearing because of Power Five's failure to respond to the Trustee's correspondence inquiring whether Power Five intended to object. An application of estoppel principles is inappropriate to the facts here. First, there simply is no evidence that GM was privy to the correspondence between Power Five and the Trustee, thus no evidence of detrimental reliance by GM. Second, appellees fail to establish that Power Five was under a duty to respond to the Trustee's correspondence. Accordingly, equitable estoppel principles do not apply.

### 4. *Objection Did Not Rely on Abandoned Claim*

■ Finally, Appellees contend that Power Five's objection was properly overruled because it was based on a claim against GM that was abandoned in 1995. An examination of the record, however, reveals no support for that position.

First, the Bankruptcy Court never specifically determined that the objection and the abandoned claim were connected. In any event, Power Five stated at the hearing that the objection had no connection to the abandoned claim.

Second, even if part of the objection involved the abandoned claim, overruling of the entire objection was unwarranted. As explained during the hearing, Power Five's objection set forth two grounds for disallowing GM's claim: (1) the debt claimed by GM was not due, and (2) there were offsetting debts owed to Debtor by GM. Only the alleged offsetting debts were assigned as relating to the abandoned claim. Assuming the offset constituted an improper attempt to re-examine the abandoned claim, the debts claimed by GM were not involved. Overruling the entire objection, based on a claim of reliance on the abandoned claim, would obviously hit wide of the mark.

---

5. In fact, appellees argued earlier in their brief that Power Five filed its objection too *early* and, consequently, lacked standing to object when it did.

### IV. *CONCLUSION*

The Bankruptcy Court's order overruling Power Five's objection was summarily entered, for which no express rationale was provided. We have discussed the bases on which the Bankruptcy Court's decision might have been premised, but fail to uncover any proper rationale. Without knowing the reasons that the Bankruptcy Court overruled Power Five's objection, we are unable to evaluate further whether the objection should be sustained.

Remand is appropriate "if the findings and the record are not sufficient to enable us to be sure of the basis of the decision below." *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1097 (2nd Cir.1991); *see also Mid–American Waste Systems, Inc. v. City of Gary, Indiana*, 49 F.3d 286, 293 (7th Cir.1995); *In re 599 Consumer Electronics, Inc.*, 195 B.R. 244, 250 (S.D.N.Y.1996); *In re Spangler*, 56 B.R. 990, 991 (D.Md.1986)("If the findings of the Bankruptcy Court are made in conclusory fashion and the record below does not permit meaningful review, a remand by the district court for further proceedings may be in order"). Accordingly, the decision of the Bankruptcy Court is VACATED and REMANDED for further proceedings consistent with this Entry.