**In re Istvan S. NYESTE, Judit Nyeste, Debtors.**

**No. 00–51066.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Oct. 1, 2001.

Daniel K. Friend, Columbus, OH, for debtors.

Istvan S. Nyeste, Judit Nyeste, Columbus, OH, Daniel R. Swetnam, Schottenstein, Zox & Dunn, Columbus, OH, for Regency Manor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### *OPINION AND ORDER ON DEBTORS' OBJECTION TO CLAIM AND REGENCY MANOR'S CROSSMOTION FOR ALLOWANCE OF CLAIM*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtors' objection to the claim of Regency Manor. Regency Manor filed a memorandum contra the debtors' objection and a crossmotion to allow its claim. The Court conducted a hearing on August 14, 2001.

The basis for the debtors' objection is that Regency Manor's proof of claim was untimely. Regency Manor acknowledges receiving notice of the debtors' chapter 13 filing in time to file its claim prior to the bar date, but contends that excusable neglect caused the delay in filing. Regency Manor also contends that the debtors' ob-

jection to its claim should be overruled because the debtors did not timely object to the chapter 13 trustee's notice that he intended to pay Regency Manor's claim.

■ The Court will first address the issue concerning the trustee's notice of intention to pay claims. A review of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules reveals no basis for concluding that a failure to object to such notice forecloses a later objection to a proof of claim.

Section 1326(a) of the Bankruptcy Code provides merely that the trustee, in the event a plan is confirmed, shall distribute any payments in accordance with the plan as soon as practicable. There is no requirement that a notice of intention to pay claims even be filed.

In practice, this Court has consistently required debtors to file objections to claims as provided in Bankruptcy Rule 3007 and not simply object to the trustee's notice of intent to pay such claims. Therefore, the Court must reject Regency Manor's argument. Whether the debtors' delay in objecting to the claim offers any defense to Regency Manor's duty to turn over any monies actually distributed in accordance with its claim is not presently before the Court.

■ The second question concerns the applicability of the excusable neglect standard to late-filed claims in chapter 13 cases. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court construed Bankruptcy Rules 3003(c) and 9006(b)(1) to permit late-filed claims in chapter 11 cases if the claimant's failure to comply with the bar date resulted from excusable neglect. The Supreme Court specifically noted that the excusable neglect standard does not govern proofs of claim in chapter 7 cases because Bankruptcy Rule 3002(c), and not 3003(c), establishes the time requirements for filing chapter 7 claims. *Id.* at 389 n. 4, 113 S.Ct. 1489.

Because Bankruptcy Rule 3002(c) also controls the time requirements for filing claims in chapter 13 cases, the majority of courts have held the excusable neglect standard is likewise inapplicable to late-filed claims in chapter 13 cases. *Aboody v. United States (In re Aboody)*, 223 B.R. 36, 38–9 (1st Cir. BAP 1998) (citations omitted); *see also In re Boudinot*, 237 B.R. 413, 417 (Bankr.S.D.Ohio 1999) (excusable neglect doctrine inapplicable in chapter 12 cases). This Court agrees with the analysis in these decisions. Accordingly, it is unnecessary to resolve the question of whether the evidence submitted by Regency Manor established that its failure to file its proof of claim prior to the bar date resulted from excusable neglect.

Based on the foregoing, the debtors' objection to the claim of Regency Manor is **SUSTAINED** and Regency Manor's cross-motion for allowance of its claim is **DENIED**.

**IT IS SO ORDERED.**