In re the Chapter 13 Proceedings of John F. HERRERA, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellant/Plaintiff,

v.

JPMorgan Chase Bank, N.A., Appellee/Defendant.

In re the Chapter 13 Proceedings of Shanedra E. Johnson, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellant/Plaintiff,

v.

U.S. Bank, N.A., Appellee/Defendant.

In re the Chapter 13 Proceedings of Oliver Newsom and Claudia Newsom, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellants/Plaintiffs,

v.

Bank of America Corporation, Appellee/Defendant.

In re the Chapter 13 Proceedings of Lysbeth A. Case, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellant/Plaintiff,

v.

Wells Fargo Bank, N.A., Appellee/Defendant.

In re the Chapter 13 Proceedings of James B. Jendusa and Kathleen F. Jendusa, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellants/Plaintiffs,

v.

North American Savings Bank, F.S.B., Appellee/Defendant.

In re the Chapter 13 Proceedings of Je-

rome Donald Oven and Ann Elizabeth Oven, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellants/Plaintiffs,

v.

Universal Savings Bank, F.A.,
Appellee/Defendant.

In re the Chapter 13 Proceedings of Valerie A. Ruhl, on Behalf of the Above–Listed Chapter 13 Estate, and all other Chapter 13 Estates Similarly Situated, Appellant/Plaintiff,

v.

HSBC Finance Corporation and HSBC Mortgage Services, Inc.,
Appellees/Defendants.

No. 06–C–1274, 06–C–1275, 06–C–1276, 06–C–1277, 06–C–1278, 06–C–1279, 06–C–1280.

United States District Court,
E.D. Wisconsin.

May 16, 2007.

Jordan M. Lewis, Wood R. Foster, Jr., Siegel Brill Greupner Duffy & Foster PA,

Philadelphia, PA, Michael J. Watton, Watton Law Group, Milwaukee, WI, for Appellants/Consolidated Appellants.

Danielle J. Szukala, Edward J. Lesniak, LeAnn Pedersen Pope, Burke Warren MacKay & Serritella PC, Chicago, IL, Jay J. Pitner, Gray & End, Peter C. Blain, Reinhart Boerner Van Deuren SC, Milwaukee, WI, for Appellees.

Thomas J. O'Brien, Reinhart Boerner Van Deuren SC, Milwaukee, WI, Andrew J. Wronski, Foley & Lardner LLP, Milwaukee, WI, Arthur F. Radke, Peter J. Schmidt, Dykema Gossett PLLC, John W. Guarisco, Synde B. Keywell, Neal Gerber & Eisenberg LLP, Chicago, IL, for Appellees/Consolidated Appellees.

Mary B. Grossman, David Walter Asbach, United States Department of Justice, Milwaukee, WI, Rebecca A. Holzhauer, Thomas J. King, United States Department of Justice, Oshkosh, WI, for Trustee.

## ORDER

J.P. STADTMUELLER, District Judge.

In each of the underlying bankruptcy cases, Chapter 13 debtors initiated adversary proceedings to collect alleged overpayments made to creditors. On October 31, 2006, the bankruptcy court dismissed the adversary proceedings as "procedurally deficient," ruling that the debtors may only object to the overpayments by filing motions for reconsideration pursuant to Bankruptcy Rule 3008. For the following reasons, the court reverses the order of the bankruptcy court and remands the actions for further proceedings consistent with this order.

## BACKGROUND

On April 21, 2003, John F. Herrera commenced a bankruptcy case by filing a

Chapter 13 plan. Herrera proposed making payments to secured creditor JPMorgan Chase Bank, N.A. ("JPMCB"). On May 12, 2003, JPMCB filed a proof of secured claim, setting forth amounts Herrera owed to JPMCB as well as a proposed payment of 6.25 percent interest on those amounts. On May 15, 2003, the bankruptcy court held a confirmation hearing and entered an order confirming the plan. On December 31, 2003, the Chapter 13 trustee served Herrera with a "Notice of Intent to Pay Claims." The notice stated: "Unless an interested party files an objection, all claims will be allowed and treated in the manner listed above. Any such objection shall conform to the requirements of Rule 3007 and Local Rule 3007–1 and be filed within thirty (30) days of the date of this Notice." Herrera did not file an objection within thirty days from the date of the notice. However, on December 14, 2005, while Herrera's bankruptcy case was still pending, Herrera objected to the claim by filing an adversary proceeding on behalf of his bankruptcy estate and other estates similarly situated. In the adversary proceeding, Herrera contends that JPMCB collected interest on mortgage arrears to which it is not entitled, and Herrera requests disgorgement of amounts improperly collected by JPMCB. JPMCB moved to dismiss the adversary proceedings. JPMCB argues, among other things, that Herrera must move for reconsideration rather than initiate an adversary proceeding.

The other underlying bankruptcy cases share the following similarities with Herrera's case: Chapter 13 plans were filed and confirmed by the bankruptcy court, creditors filed proofs of claim, Chapter 13 trustees filed a notice of intent to pay claims, the Chapter 13 debtors did not object to the creditors' claims within the time period outlined in the trustees' notices, the debtors (on behalf of their re-spective bankruptcy estates and other estates similarly situated) filed adversary proceedings seeking disgorgement of alleged overpayments made to the creditors, and the creditors filed motions to dismiss.

While the motions to dismiss were pending, the parties in the underlying bankruptcy cases stipulated that the adversary proceedings would be consolidated for the purpose of hearing the pending motions to dismiss. On October 31, 2006, United States Bankruptcy Judge James E. Shapiro determined that the Chapter 13 debtors have standing to pursue their respective adversary complaints. However, the bankruptcy court granted the motions to dismiss on the basis that the adversary proceedings were procedurally deficient and that the debtors were required to file a motion for reconsideration pursuant to Bankruptcy Rule 3008 because the claims at issue had already been "allowed":

> If such a party, on the other hand, intends to challenge the status of a claim which has either been allowed or disallowed, it may only do so by following the procedure in Bankruptcy Rule 3008 to reconsider such allowance or disallowance. Bankruptcy Rule 3007 is intended to be used *before* a claim has been either allowed or disallowed. Bankruptcy Rule 3008, on the other hand, applies *after* a claim is either allowed or disallowed.

(Order 9, Oct. 31, 2006.)

The Chapter 13 debtors filed separate notices of appeal from the October 31, 2006 order. Three of the bankruptcy appeals were randomly assigned to Judge J.P. Stadtmueller, three to Judge Lynn Adelman, and one to Judge Charles N. Clevert. On January 29, 2007, Bank of America Corporation moved to consolidate two bankruptcy appeals, *Newsom v. Bank of American Corporation,* Case No. 06–C–1276, and *Case v. Wells Fargo Bank, N.A.,*

Case No. 06–C–1277. On March 8, 2007, the court directed the creditors in each of the bankruptcy appeals to respond to the motion to consolidate. No party contested the consolidation of all seven bankruptcy appeals, and on April 2, 2007, the court consolidated the appeals for all future proceedings under Case No. 06–C–1274.

## ANALYSIS

■■■ This court has subject matter jurisdiction over the consolidated appeals pursuant to 28 U.S.C. § 158(a) because the bankruptcy court's dismissal of the adversary proceedings is a final appealable order. *See Matter of Riggsby,* 745 F.2d 1153, 1154 (7th Cir.1984); *Southerland v. Smith,* 136 B.R. 565, 566 (M.D.Fla.1992). The district court functions as an appellate court when reviewing bankruptcy court decisions. *Bielecki v. Nettleton,* 183 B.R. 143, 145 (N.D.Ill.1995). In a bankruptcy appeal, the court examines the "bankruptcy court's factual findings for clear error and its legal conclusions *de novo.*" *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir. 1994). In this case, the court reviews *de novo* the bankruptcy court's construction of Bankruptcy Rules 3007 and 3008.[1]

■■■ Bankruptcy Rule 3007 states:
An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed. R. Bankr.P. 3007. The Bankruptcy Rule does not set a deadline for filing objections to claims.

Bankruptcy Rule 3008 states:
A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Fed. R. Bankr.P. 3008.

■■ The debtors were not required to file a motion for reconsideration pursuant to Rule 3008. By its own terms, Rule 3008 applies after the bankruptcy court issues "an order" allowing or disallowing a claim against the estate. In the underlying bankruptcy cases, the creditors do not identify what *orders* the bankruptcy court should reconsider. There are no such orders; rather, the claims were only deemed allowed pursuant to 11 U.S.C. § 502(a) because the debtors had not yet objected to the claims. *See* 11 U.S.C. § 502(a); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 7, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) ("Section 502(a), for example, provides that a claim is allowed unless 'a party in interest' ob-

---

1. Some of the creditors argue that the court should reverse the bankruptcy court's determination that the Chapter 13 debtors have standing to seek disgorgement of overpayments on behalf of the Chapter 13 estates. The debtors argue that the creditors waived their right to contest standing by failing to file a cross-appeal. The issue of standing is jurisdictional and cannot be waived. *See Wiggins v. Martin,* 150 F.3d 671, 673 (7th Cir.1998). Nevertheless, the court agrees with the bankruptcy court that the Chapter 13 debtors have standing to object to a claim and seek dis-

gorgement of overpayments on behalf of the estate. *See Cable v. Ivy Tech State College,* 200 F.3d 467, 472–74 (7th Cir.1999); William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d: Bankruptcy Rules, Rule 3007, Editor's Comment at 246 (2006–2007 ed.) ("The question frequently arises whether or not the debtor may object to the allowance of a claim.... In a Chapter 12 or Chapter 13 case, the debtor has standing to object to a claim along with the trustee of the estate."). The court affirms the bankruptcy court's order with respect to the issue of standing.

jects."); *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir.2000) ("According to the bankruptcy code, any proof of claim filed by a creditor is deemed allowed, unless a party in interest objects."); *In re Greenig*, 152 F.3d 631, 633 (7th Cir.1998) ("Once the proof of claim is filed under § 501, the claim is deemed allowed, unless a party in interest objects."). If a claim is deemed allowed upon filing and if, as the bankruptcy court held, the debtor must move for reconsideration pursuant to Rule 3008 after a claim is deemed allowed, the debtor must always object to a claim via a motion for reconsideration and may never object pursuant to Rule 3007. Surely, this cannot be what the drafters of the rule intended. Instead, a more viable construction of Rule 3008 that gives effect to both rules is that Rule 3008 applies only to claims allowed by a court order, not claims deemed allowed by 11 U.S.C. § 502(a). *See Matter of Henderson*, 577 F.2d 997, 1001 (5th Cir. 1978) ("[T]here cannot be a reconsideration of a claim which was allowed automatically without consideration.")

■ The debtors properly objected to the claims pursuant to Rule 3007. Rule 3007 sets no bar date for objections. *See* Fed. R. Bankr.P. 3007; *In re Kolstad*, 928 F.2d 171, 174 (5th Cir.1991) ("There is no bar date or deadline for filing objections."); *In re Consolidated Pioneer Mortg.*, 178 B.R. 222, 225 (9th Cir.BAP1995) ("Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time."). The bankruptcy court may set deadlines for filing objections, *In re Hovis*, 356 F.3d 820, 822 (7th Cir.2004) ("What matter within a single suit are the deadlines set by statute and rule," and "[s]etting dates for filing of claims, and objecting to them, is within the discretion of the bankruptcy judge"); *Power Five, Inc. v. General Motors Corp.*, 219 B.R. 513, 517 (S.D.Ind.1998), but the bankruptcy courts did not do so in the underlying bankruptcy actions. The trustees issued notices of intention to pay claims and stated that any objections be filed by dates certain, but the trustees' notices are not court-set deadlines. *See In re Nyeste*, 273 B.R. 148, 149 (Bankr.S.D.Ohio 2001) (determining that the failure to object to the trustee's notice of intention to pay claims does not foreclose a later objection to a proof of claim); *see also Power Five, Inc.*, 219 B.R. at 518 (distinguishing a court-set deadline from a notice of hearing issued by the bankruptcy clerk that did not set a bar date by which objections to claims must be filed).

■ *In re Yancey*, 301 B.R. 861 (Bankr.W.D.Tenn.2003), is not to the contrary. Some of the creditors argued, and the bankruptcy court agreed, that *In re Yancey* holds that the debtors' proper remedy is to seek reconsideration rather than to file an adversary proceeding. (*See* Order 7–8, Oct. 31, 2006.) The court reads *In re Yancey* differently. *In re Yancey* addressed the issue of whether there is a private right of action under a combination of Bankruptcy Code § 105(a) and Bankruptcy Rule 2016 that would permit the court to hear and determine a putative class action complaint. 301 B.R. at 863. In determining that there was no private right of action under § 105(a), the court determined that there was little justification for the court to approve a private remedy given the existence of congressionally-created remedies, including the opportunity to object and to seek reconsideration. *Id.* at 869. The court focused on the existence of the remedies, Bankruptcy Rules 3007 and 3008, rather than on the circumstances in which they respectively applied. The court did not hold that a debtor must move for reconsideration pursuant to Rule 3008 for claims that were deemed allowed by 11 U.S.C. § 502(a), and

the court did not hold that objections must be filed before plan confirmation. To the extent that the court discussed the rules, it recognized that Rule 3008 applies "to reconsider *an order* allowing or disallowing a claim." *Id.* (emphasis added). The court also expressly declined to rule whether the debtor "should be prejudiced" by his failure to object within the deadlines set by the trustee. *Id.* ("The Court is not ruling that these Plaintiffs should be prejudiced now by their failure to object.") *In re Yancey,* therefore, does not affect the court's construction of Rules 3007 and 3008.[2]

▮ Some of the creditors argue that the debtors were required to object prior to the confirmation of the Chapter 13 plans. (*See* JPMCB's Br. 8, Feb. 9, 2007) ("In other words, Herrera could have objected to JPMCB's claim prior to confirmation of his Chapter 13 plan, but did not do so. As such, Herrera may no longer object to the allowed claim, but may seek reconsideration of the claim pursuant to Rule 3008."). In Herrera's case, this requires Herrera to file objections within the three days between the filing of JPMCB's claim on May 12, 2003, and plan confirmation on May 15, 2003. The creditors' argument would result in debtors having an unreasonably short period of time to file objections in certain cases. Setting this aside, the court rejects the creditors' argument because it ignores cases in which objections were filed post-confirmation,

see, e.g., In re Hovis, 356 F.3d at 822, and other cases that hold that Rule 3007 sets no bar date for objections. See, e.g., In re Kolstad, 928 F.2d at 174. As one court recently stated,

> Neither the Bankruptcy Code nor Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a chapter 13 case and we will not read one into the law where none exists. Therefore, this Panel concludes that the bankruptcy court erred in overruling the Debtor's objection to Claim No. 8 on the basis that the objection was filed too late because it was filed post-confirmation.

*In re Morton,* 298 B.R. 301, 309–10 (6th Cir.BAP2003).

The debtors' opportunity to object is not entirely without restriction. As the court has already noted, the creditors may request that the bankruptcy court set a deadline for filing objections. The creditors may also assert various defenses to an objection. *In re Hovis* states that issue preclusion may bar a debtor from contesting the amount of a debt in subsequent litigation. 356 F.3d at 822. *In re Hovis* also states that a creditor may assert defenses such as the law of the case and judicial estoppel. *See id.* In their motions to dismiss, the creditors asserted other bases for dismissal, but the bankruptcy court declined to discuss the other grounds. Although the court may consider alternative grounds for upholding the

2. In *In re Yancey,* the trustee served upon the debtor what the court described as an "administrative order." 301 B.R. at 864. Like the trustees' notices of intent to pay claims in the actions before the court, the trustee's "administrative order" directed the debtor to file objections by a date certain. *Id.* The trustee also informed the debtor that the absence of such an objection would "be deemed an approval by the debtor(s) of the claims recited above and the claims shall be allowed for the purpose of distribution pursuant to the con-

firmed plan and other orders of this Court." *Id.* In the actions at bar, no party has suggested that the trustees' notices of intent to pay claims are "order[s] allowing or disallowing a claim" for the purposes of Rule 3008. To the extent that *In re Yancey* may be read to suggest as much, the court rejects the suggestion and agrees with *In re Nyeste,* 273 B.R. 148, 149 (Bankr.S.D.Ohio 2001), that a failure to object to the trustee's notice of intention to pay claims does not foreclose a later objection to a proof of claim.

bankruptcy court's decision, *Matter of Henderson,* 577 F.2d at 1002 n. 5, the court declines to delve into issues raised but not considered below. *See U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 904 (5th Cir.1997). The court does not reach the merits of the creditors' other arguments but instead leaving them for Judge Shapiro's consideration on remand.

Accordingly,

**IT IS ORDERED** that the bankruptcy court's order dismissing the adversary proceedings be and the same is hereby **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.